1   JEFFER, MANGELS, BUTLER & MITCHELL LLP
    AN NGUYEN RUDA (SBN 215453) (ahn@jmbm.com)
2   SEAN B. GIBBONS (SBN 263818) (sbg@jmbm.com)
    1900 Avenue of the Stars, Seventh Floor
3   Los Angeles, California  90067-4308
    Telephone:    (310) 203-8080
4   Facsimile:    (310) 203-0567

5   Attorneys for Defendant Ghilotti Bros. Inc.

6

7

8                      UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  JOSE RAMIREZ, LUIS GOMEZ, and            CASE NO.      3:12-cv-04590
    MARCK MENA ORTEGA on behalf of
12  themselves and all other persons similarly    **DEFENDANT GHILOTTI BROS., INC.'S
    situated,                                **EVIDENTIARY OBJECTIONS TO
13                                            **DECLARATIONS SUBMITTED IN
                    Plaintiffs,              **SUPPORT OF MOTION FOR
14                                            **CONDITIONAL CERTIFICATION
             v.
15                                            Judge: Hon. Charles R. Breyer
    GHILOTTI BROS, INC., a corporation; and   Date: March 29, 2013
16  DOES 1 through 50, inclusive,            Time: 10:00 A.M.
                                             Crtrm: 6, 17th Floor
17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

## OBJECTIONS TO DECLARATION OF JOSE RAMIREZ:

<u>Ph. 5, Page 1, Lines 26-27:</u> "When I started working for GBI, I realized that the company would not pay me for time I spent performing Loading and Transport Duties."

**Basis:** "Best Evidence Rule;" FRE 1002: Plaintiff's job duties and remuneration therefor are set forth in the Master Laborer's Agreement ("MLA.")

**Basis:** Lack of Personal Knowledge; FRE 602: Ramirez has established no base of knowledge and no evidence thereof, regarding the duties for which he would and would not receive compensation.

**Basis:** Prior Inconsistent Statement Under Oath; FRE 613: Ramirez testified at deposition that he was paid for travel time.

<u>Ph. 9, Page 3, Lines 5-7:</u> "There have always been twenty (20) to twenty-five (25) laborers at a given time who drive trucks for GBI, and who must perform work before and after their official shifts. In general, my experience is that all foremen at the company require some laborers on their crews to perform Loading and Transport Duties before and after their official shifts."

**Basis:** Lack of Personal Knowledge; FRE 602: Ramirez has established no base of knowledge and no evidence thereof, regarding the number of employees performing particular duties.

<u>Ph. 11, Page 3, Lines 18-21:</u> "GBI does not pay me for the many hours I spend performing Loading and Transport Duties. The pay stubs GBI gives me only show the hours I spend working at a job site during my official shift, as defined by the company dispatcher. They do not include payment for the time that I spend on Loading and Transport Duties before and after my official eight (8) hour shift."

**Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI dispatch system are determinative of whether employees were in fact paid for all the time for which they were expected to work. The "requirements" as to Plaintiff's work and remuneration are set forth in the MLA.

<u>Ph. 11, Page 3, Lines 21-25:</u> "Before my injury in 2011, I only received payment for my loading and transport Duties for one day, but that was a special job that was several hours away from the

1　Jacoby Street Loading Area, and my foreman told me he was doing me a special favor by paying

2　me for those hours."

3　　　　**Basis:** Prior Inconsistent Statement Under Oath; FRE 613: Ramirez did not testify as to any

4　of the alleged circumstances making this incident unique under oath at deposition.

5　　　　**Basis:** Impermissible Hearsay; FRE 801(c): Statement by other than declarant (Ramirez) to

6　establish the truth of the matter asserted, that is, that payment for travel time was a "special favor."

7　Ph. 12, Page 3, Lines 26-28: "Except when I was on light duty, my paystubs from GBI frequently

8　show that I worked forty (40) hours or less in a week when I actually worked more than forty (40)

9　hours that week because of my Loading and Transport Duties."

10　　　　**Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

11　dispatch system are determinative of whether employees were in fact paid for all the time for which

12　they were expected to work. The tasks for which Plaintiff works and is paid are set forth in the

13　MLA.

14　Ph. 13. Page 4, Lines 7-14: "I believe that GBI has a company-wide policy not to pay laborers for

15　Loading and Transport Duties… It does not matter which foreman or supervisor is overseeing the

16　work at the particular job site. I do not know of any laborers who have been paid for this work.

17　　　　**Basis:** Lack of Personal Knowledge; FRE 602: Lepe has established no base of knowledge

18　and no evidence thereof, regarding any policy by GBI or any payment or lack of payment to any

19　other laborers.

20　　　　　　　**OBJECTIONS TO DECLARATION OF LUIS GOMEZ:**

21　Ph. 7, Page 2, Lines 20-22: "In addition to the information provided on the GBI dispatch system, at

22　times, a foreman will inform me the day before what supplies and equipment are needed at the

23　construction site the next day."

24　　　　**Basis:** Impermissible Hearsay; FRE 801(c): Statement by other than declarant (Gomez) to

25　establish the truth of the matter asserted, that is, that certain supplies and equipment might be

26　required at a construction site and/or that Gomez must bring them.

27　Ph. 8, Page 2, Line 23: "None of the Loading and Transport Duties is Paid by GBI."

28　　　　**Basis:** "Best Evidence Rule;" FRE 1002: Plaintiff's pay records are determinative of whether

1 | Plaintiff was in fact paid for time he claims to have worked; his job duties and remuneration

2 | therefor are set forth in the MLA.

3 | Ph. 8, Page 2, Lines 23-24: "I am expected to perform these duties for free."

4 | **Basis:** Impermissible Hearsay; FRE 801(c): Statement by other than declarant (Gomez) to

5 | establish the truth of the matter asserted, that is, that someone unnamed expects him to work for

6 | free.

7 | **Basis:** "Best Evidence Rule;" FRE 1002: The "expectations" as to Plaintiff's work and

8 | remuneration are set forth in the MLA.

9 | Ph. 8, Page 2, Lines 24-26: "The pay stubs I receive from GBI do not accurately show the number

10 | of hours that I work. Instead, the pay stubs show only the hours that I spend at the construction

11 | site.."

12 | **Basis:** "Best Evidence Rule;" FRE 1002: Plaintiff's pay records and the records of the GBI

13 | dispatch system are determinative of whether Plaintiff was in fact paid for all the time for which he

14 | was expected to work.

15 | Ph. 9, Page 3, Lines 4-5: "These materials do not arrive by themselves; laborers like me drive the

16 | supplies and equipment to the sites, without compensation by GBI."

17 | **Basis:** Lack of Personal Knowledge; FRE 602: Gomez has established no base of

18 | knowledge and no evidence thereof, regarding the compensation provided to other employees for

19 | duties performed.

20 | **Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

21 | dispatch system are determinative of whether employees were in fact paid for all the time for which

22 | they were expected to work.

23 | **Basis:** Prior Inconsistent Statement Under Oath; FRE 613: Plaintiff testified at deposition

24 | that he was permitted to leave sites early in order to mitigate travel-related time.

25 | Ph. 9, Page 3, Lines 5-7: "I estimate that there are, on any given day, approximately twenty (20) to

26 | twenty-five (25) laborers whose job duties include Loading and Transport Duties.

27 | **Basis:** Lack of Personal Knowledge; FRE 602: Gomez has established no base of

28 | knowledge and no evidence thereof, regarding the number of employees performing these duties.

PRINTED ON
RECYCLED PAPER

LA 9312365v1

1   <u>Ph. 9, Page 3, Lines 8-9:</u> "The practice of not paying for these duties has been the same no matter

2   what foreman I have been assigned to work with."

3       **Basis:** Lack of Personal Knowledge; FRE 602: Gomez has established no base of

4   knowledge and no evidence thereof, regarding any practice by GBI.

5       **Basis:** Prior Inconsistent Statement Under Oath; FRE 613: Plaintiff testified at deposition

6   that he was permitted to leave sites early in order to mitigate travel-related time.

7   <u>Ph. 10, Page 3, Lines 13-14:</u> "GBI then resumed its practice of not paying laborers for the Loading

8   and Transport duties."

9       **Basis:** Lack of Personal Knowledge; FRE 602: Gomez has established no base of

10   knowledge and no evidence thereof, regarding any practice by GBI.

11   <u>Ph. 11, Page 3, Lines 23-25:</u> "Despite this, no one ever responded to my complaint and I was

12   required to continue performing the Loading and Transport Duties without pay."

13       **Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

14   dispatch system are determinative of whether employees were in fact paid for all the time for which

15   they were expected to work. The "requirements" as to Plaintiff's work and remuneration are set

16   forth in the MLA.

17       **Basis:** Prior Inconsistent Statement Under Oath; FRE 613: Plaintiff testified at deposition

18   that he was permitted to leave sites early in order to mitigate travel-related time.

19   <u>Ph. 12, Page 3, Lines 26-28; Page 4 Lines 1-2:</u> "In 2008, I told a foreman, Rob White, that I was not

20   being paid for the Loading and Transport Duties. Rob White responded "[i]f you don't do

21   what I ask you to do, tomorrow you will stay at home... Mr. White again repeated, "[i]f you don't

22   do what I want you to do, tomorrow you will stay at home."

23       **Basis:** Impermissible Hearsay; FRE 801(c): Statement by other than declarant (Gomez) to

24   establish the truth of the matter asserted, that is, that if Gomez did not work for free, he would not

25   be permitted to work.

26   <u>Ph. 12, Page 4, Lines 2-3:</u> "I was not paid for the Loading and Transport Duties, and was required to

27   continue performing those duties."

28       **Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

dispatch system are determinative of whether employees were in fact paid for all the time for which they were expected to work. The "requirements" as to Plaintiff's work and remuneration are set forth in the MLA.

**OBJECTIONS TO DECLARATION OF MARCK MENA ORTEGA:**

Ph. 5, Page 1, Lines 24-27; Page 2, Lines 1-2: "I arrived at the Jacoby Street Loading Area at the start time given by the dispatcher, and my supervisor yelled at me because I had not arrived early enough to load the truck and drive it to the job site by the official shift start time. From then on, I knew that I was expected to arrive at the loading area early enough to load the truck and drive it to the job site by the time my shift was officially scheduled to start."

**Basis:** Impermissible Hearsay; FRE 801(c): Statement by other than declarant (Ortega) to establish the truth of the matter asserted, that is, that he was required to arrive early enough to load the truck and drive to the site by the start time.

**Basis:** "Best Evidence Rule;" FRE 1002: The "expectations" as to Plaintiff's work and duties are set forth in the MLA.

Ph. 11, Page 3, Lines 19-20: "I do not receive pay for the many hours I spend performing Loading and Transport Duties."

**Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI dispatch system are determinative of whether employees were in fact paid for all the time for which they were expected to work.

Ph. 11, Page 3, Lines 23-25: "Often, the pay stubs given to me by GBI show that I worked less than forty (40) hours in a week when I actually worked more than forty (40) hours that week."

**Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI dispatch system are determinative of whether employees were in fact paid for all the time for which they were expected to work.

Ph. 11, Page 4, Lines 1-3: "For weeks when I was paid for forty (40) hours or less, but actually worked more than forty (40) hours because of my Loading and Transport Duties, I was not paid overtime.

**Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

1    dispatch system are determinative of whether employees were in fact paid for all the time for which

2    they were expected to work.

3    Ph. 12. Page 4, Lines 4-6: "It is my understanding that GBI has a company-wide policy not to pay

4    laborers for the time they spend performing Loading and Transport Duties.  It does not matter which

5    foreman or supervisor is overseeing the work at the particular job site.

6        **Basis:** Lack of Personal Knowledge; FRE 602: Plaintiff has established no base of

7    knowledge and no evidence thereof, regarding any policy by GBI.

8    Ph. 12. Page 4, Lines 10-12: "Since then, I have not been paid for any of the time I have spent

9    performing Loading and Transport Duties and I do not believe that other laborers have either."

10       **Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

11   dispatch system are determinative of whether employees were in fact paid for all the time for which

12   they were expected to work.

13       **Basis:** Lack of Personal Knowledge; FRE 602: Plaintiff has established no base of

14   knowledge and no evidence thereof, whether others have been paid.

15                    **OBJECTIONS TO DECLARATION OF KENNY DENT:**

16   Ph. 5, Page 2, Lines 5-8: I was not compensated for the work I performed prior to my official start

17   time.  I was simply expected by GBI to work for free for that time period.  I estimate that my off the

18   clock work occurred about ninety (90) percent of all the days I was assigned to work at GBI.

19       **Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

20   dispatch system are determinative of whether employees were in fact paid for all the time for which

21   they were expected to work.  The "expectations" as to Plaintiff's work and remuneration are set

22   forth in the MLA.

23       **Basis:** Impermissible Hearsay; FRE 801(c): Statement by other than declarant (Dent) to

24   establish the truth of the matter asserted, that is, that someone unnamed expects him to work for

25   free.

26       **Basis:** Lack of Personal Knowledge; FRE 602: No base of knowledge and no evidence

27   thereof, regarding the amount of off the clock work he allegedly did.

28   Ph. 7, Page 2, Lines 15-17: "I frequently was required to stop at the San Rafael dump to dump

1    debris, or at stores to pick up supplies. I was usually required to perform these duties either before

2    or after my official shift. I was generally not paid for this time."

3         **Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

4    dispatch system are determinative of whether employees were in fact paid for all the time for which

5    they were expected to work. The "requirements" as to Plaintiff's work and remuneration are set

6    forth in the MLA.

7    Ph. 8, Page 2, Lines 22-24: "The only time that I was paid for was the time I spent working at the

8    construction site, not for any of the work I performed for GBI before and after I left."

9         **Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

10   dispatch system are determinative of whether employees were in fact paid for all the time for which

11   they were expected to work. The "requirements" as to Plaintiff's work and remuneration are set

12   forth in the MLA.

13   Ph. 9, Page 2, Lines 25-28: " I know that the other laborers who performed Loading and Transport

14   Duties as described above were also not getting paid by GBI for this work. It did not matter which

15   foreman or work crew the laborer was assigned. GBI had a company-wide policy of not paying for

16   this work."

17        **Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

18   dispatch system are determinative of whether employees were in fact paid for all the time for which

19   they were expected to work.

20        **Basis:** Lack of Personal Knowledge; FRE 602: No base of knowledge and no evidence

21   thereof, whether others have been paid by GBI.  No base of knowledge and no evidence thereof,

22   regarding any policy by GBI.

23        **Basis:** Impermissible Hearsay; FRE 801(c): Statement by other than declarant (Dent) to

24   establish the truth of the matter asserted, that is, that others were not getting paid.

25   Ph. 11, Page 3, Lines 7-12: "My pay stubs from GBI did not accurately reflect the hours that I

26   worked.  The pay stubs did not include the hours that I was required to work prior to and after my

27   shift performing Loading and Transport Duties.  When my Loading and Transport Duties brought

28   the total number of hours I worked to over forty hours in a week, but the company's records only

1  showed that I worked less than forty hours in a week, I was not paid overtime."

2  **Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

3  dispatch system are determinative of whether employees were in fact paid for all the time for which

4  they were expected to work.

5  Ph. 12, Page 3, Lines 16-19: "Jon Coffee was discussing laborers not wanting to drive because it

6  was off the clock work. Jon Coffee stated that some drivers requested that time clocks be put in the

7  trucks. Mike Ghilotti stared at him and said no, that's not going to happen."

8  **Basis:** Impermissible Hearsay Within Hearsay; FRE 801(c): Statement by other than

9  declarant (Dent), and is a statement regarding someone else's statement, offered to establish the

10  truth of the matter asserted, that is, that laborers were not getting paid for driving trucks.

11  **OBJECTIONS TO DECLARATION OF ROBERT GARDNER HODGKINSON:**

12  Ph. 3, Page 1, Lines 20-21: "The dispatch system did not state the actual time my work day started,

13  but rather the time that I was expected to be at the construction site."

14  **Basis:** "Best Evidence Rule;" FRE 1002: The definition of a "work day" is set forth in the

15  MLA.

16  Ph. 6, Page 2, Lines 14-17: "I do not believe that GBI recorded the hours that I worked in the

17  morning prior to arriving at the construction site. Nor did GBI record the hours that I worked after I

18  left the construction site and transported the supplies and equipment back to the GBI yard and put

19  these materials away."

20  **Basis:** Lack of Personal Knowledge; FRE 602: No base of knowledge and no evidence

21  thereof, regarding whether he was paid.

22  Ph. 7, Page 2, Lines 18-19: "I was not paid by GBI for the approximately two to three hours a day

23  spent performing the duties of loading and unloading and transporting equipment and supplies. In

24  weeks where the company recorded that I worked forty (40) hours or less but in fact I worked more

25  than forty (40) hours due to my Loading and Transport Duties, GBI did not pay me overtime."

26  **Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

27  dispatch system are determinative of whether employees were in fact paid for all the time for which

28  they were expected to work. The "requirements" as to Plaintiff's work and remuneration are set

1   forth in the MLA.

2   Ph. 10, Page 3, Lines 17-19: "By not including this additional, unpaid work performed by its

3   Laborers when preparing the budgets for projects, GBI was able to underbid other competitors for

4   construction projects."

5       **Basis:** Lack of Personal Knowledge; FRE 602: No base of knowledge or evidence of

6   knowledge as to how GBI calculated bids for projects, and what the amount of GBI's bids may have

7   been for any particular project.

8       **Basis:** "Best Evidence Rule;" FRE 1002: GBI's estimates, proposals and bids are

9   determinative of how GBI estimated labor costs and calculated and submitted bids.

10  Ph. 11, Page 3, Lines 20-25: "Mike Ghilotti was quite candid about the fact that GBI did not pay for

11  Loading and Transport Duties performed by laborers. On more than one occasion, I heard him tell

12  laborers that if they didn't want to get in a truck and load it, they should go somewhere else and he

13  could get other workers to take their place. Laborers who refused to perform Loading and

14  Transport duties would often find that they were not scheduled to work until they agreed to perform

15  those duties, which were unpaid."

16      **Basis:** Impermissible Hearsay; FRE 801(c): Statement by other than declarant(Hodgkinson),

17  and is offered to establish the truth of the matter asserted, that is, that GBI did not pay laborers for

18  driving trucks and enforced such a policy through scheduling.

19      **Basis:** Lack of Personal Knowledge; FRE 602: No base of knowledge and no evidence

20  thereof, regarding how and why employees were scheduled to work, and/or how and whether they

21  were paid.

22  Ph. 12, Page 4, Lines 4-10: I once asked Ben Barrios... why I had not been scheduled to work. Mr.

23  Barrios told me that when I was ready to start driving trucks again without a problem I would be put

24  back on a work schedule. He also told me he had 'ten other guys' that would be willing to do the

25  Transport and Loading Duties without complaint. I understood that if I kept complaining and

26  demanding that I be paid for all of the work I performed, I would be out of a job."

27      **Basis:** Impermissible Hearsay; FRE 801(c): Statement by other than declarant(Hodgkinson),

28  and is offered to establish the truth of the matter asserted, that is, that GBI did not pay laborers for

1  driving trucks and enforced such a policy through scheduling.

2     **Basis:** Lack of Personal Knowledge; FRE 602: No base of knowledge and no evidence

3  thereof, regarding his employment status.

4     **Basis:** "Best Evidence Rule;" FRE 1002: The procedures for resolving disputes are set forth

5  in the MLA.

6           **OBJECTIONS TO DECLARATION OF CHRISTOPHER JOSEPH LESSARD:**

7  Ph. 10, Page 3, Lines 10-14: "It does not matter who the foreman or supervisor is for the job site; all

8  foremen require some laborers they oversee to perform this work."

9     **Basis:** Lack of Personal Knowledge; FRE 602: No base of knowledge and no evidence

10 thereof, regarding the policies of all GBI foremen.

11 Ph. 11, Page 3, Lines 16-18: "I have not received payment for many hours of work I performed for

12 GBI. I regularly perform Loading and Transport Duties before and after my official shift but am

13 not paid for this time."

14    **Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

15 dispatch system are determinative of whether employees were in fact paid for all the time for which

16 they were expected to work.

17    **Basis:** "Best Evidence Rule;" FRE 1002: The duties which Plaintiff performs and his

18 remuneration therefor are set forth in the MLA.

19 Ph. 12, Page 4, Lines 3-6: "It is my understanding that GBI has a company-wide policy not to pay

20 laborers for the time they spend performing Loading and Transport Duties. It does not matter which

21 foreman or supervisor is overseeing the work at the particular job site. I do not know of any

22 laborers who have been paid for this work.

23    **Basis:** Lack of Personal Knowledge; FRE 602: Lessard has established no base of

24 knowledge and no evidence thereof, regarding any policy by GBI or any payment or lack of

25 payment to any other laborers.

26           **OBJECTIONS TO DECLARATION OF PEDRO LEPE:**

27 Ph. 5, Page 1, Lines 25-28; Page 2, Lines 1-5: "Before I started driving trucks for GBI in 2008, I

28 learned that driving laborers were not paid for their Loading and Transport Duties. A that time, I

1    observed that the laborers who drove trucks for the company were required to arrive at the Jacoby

2    Street Loading Area significantly before their original start times, so that they could perform their

3    Loading and Transport Duties and still arrive at the job site by the start time provided by the

4    company's dispatch system. I observed several of these driving laborers get yelled at by their

5    foremen for arriving late at the job site because they had not built in enough time before their

6    official shifts began to perform their Loading and Transport Duties."

7        **Basis:** Impermissible Hearsay; FRE 801(c): Statement by other than declarant(Lepe), and is

8    offered to establish the truth of the matter asserted, that is, that GBI disciplined laborers for failing

9    to account for loading/transport time.

10       **Basis:** Lack of Personal Knowledge; FRE 602: No base of knowledge and no evidence

11   thereof, regarding any requirements set forth by GBI before his employment, no evidence of any

12   knowledge of the GBI dispatch system as it existed before his employment, and/or with regard to

13   any alleged "requirement" that existed before his employment.

14   Ph. 11, Page 3, Lines 21-23: "GBI does not pay me for the many hours I spend performing Loading

15   and Transport Duties. The pay stubs GBI gives me only show the hours I spend working at a job

16   site during my official shift, as defined by the company dispatcher. They do not include payment

17   for the time that I spend on Loading and Transport Duties before and after my official eight (8) hour

18   shift."

19       **Basis:** "Best Evidence Rule;" FRE 1002: Employees' pay records and the records of the GBI

20   dispatch system are determinative of whether employees were in fact paid.

21       **Basis:** "Best Evidence Rule;" FRE 1002: The "requirements" as to Plaintiff's work and

22   remuneration are set forth in the MLA.

23   Ph. 12. Page 4, Lines 6-9: "It is my understanding that GBI has a company-wide policy not to pay

24   laborers for the time they spend performing Loading and Transport Duties. It does not matter which

25   foreman or supervisor is overseeing the work at the particular job site. I do not know of any

26   laborers who have been paid for this work.

27       **Basis:** Lack of Personal Knowledge; FRE 602: No base of knowledge and no evidence

28   thereof, regarding any policy by GBI or any payment or lack of payment to any other laborers.

PRINTED ON
RECYCLED PAPER

LA 9312365v1

EVIDENTIARY OBJECTIONS