1 JEFFER, MANGELS, BUTLER & MITCHELL LLP
  AN NGUYEN RUDA (SBN 215453) (ahn@jmbm.com)
2 SEAN B. GIBBONS (SBN 263818) (sbg@jmbm.com)
  1900 Avenue of the Stars, Seventh Floor
3 Los Angeles, California 90067-4308
  Telephone: (310) 203-8080
4 Facsimile: (310) 203-0567

5 Attorneys for Defendant Ghilotti Bros. Inc.

6

7

8       UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 JOSE RAMIREZ, LUIS GOMEZ, and MARCK MENA ORTEGA on behalf of themselves and all other persons similarly situated,<br><br>13      Plaintiffs,<br><br>15   v.<br><br>  GHILOTTI BROS, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>17      Defendants. | CASE NO. 3:12-cv-04590<br><br>**DEFENDANT GHILOTTI BROS., INC'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE ALL AFFIRMATIVE DEFENSES IN ITS ANSWER**<br><br>Judge: Hon. Charles R. Breyer<br>Date: March 29, 2013<br>Time: 10:00 A.M.<br>Crtrm: 6, 17th Floor |

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

LA 9288624v1

OPPOSITION TO MOTION TO STRIKE
AFFIRMATIVE DEFENSES

1    **I.    INTRODUCTION**

2            A Motion to Strike Affirmative Defenses is a disfavored tactic. Plaintiffs seek to preclude a

3    decision on the merits by attacking Defendant's Answer. Defendant's affirmative defenses, and the

4    facts underlying those defenses, are adequately pled and Plaintiffs' Motion should be denied.

5    Defendant's Answer conformed to Rules 8(c) and 8(d) of the Federal Rules of Civil Procedure. In

6    response to six causes of action, Defendant asserted only twelve affirmative defenses. Each

7    affirmatively stated each "avoidance and affirmative defense." Each was simple, concise, and

8    direct. Plaintiffs' Motion to Strike should be denied.

9    **II.    ARGUMENT**

10           **A.    Motions to Strike Affirmative Defenses are Disfavored; Plaintiffs Have Not Met**

11                  **the High Standard.**

12           Because of the potential for misuse, and for their use as a delaying tactic, motions to strike

13   are disfavored. Instead, there is a policy favoring resolution on the merits. *Stanbury Law Firm v.*

14   *I.R.S.* (8th Cir. 2000) 221 F3d 1059, 1063 (finding that court abused its discretion in striking

15   "background information" not necessarily relevant to the matters at issue). As with motions to

16   dismiss for failure to state a claim, when ruling on a motion to strike, the court must view the

17   pleading under attack in the light most favorable to the pleader. *Lazar v. Trans Union L.L.C,* 195

18   F.R.D. 665, 669 (C.D.Cal.2000). Before a motion to strike is granted the court must be convinced

19   that there are no questions of fact, that any questions of law are clear and not in dispute, and that

20   under no set of circumstances could the claim or defense succeed. *RDF Media Ltd. v. Fox*

21   *Broadcasting Co.* (C.D. Cal. 2005) 372 F.Supp.2d 556, 566, *quoting S.E.C. v. Sands,*902 F.Supp.

22   1149, 1165 (C.D.Cal.1995) *and Systems Corp. v. American Telephone and Telegraph,* 60 F.R.D.

23   692, 694 (S.D.N.Y.1973). If a claim is stricken, leave to amend should be freely given when doing

24   so would not cause prejudice to the opposing party. *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 826

25   (9th Cir.1979).

26           Here, Plaintiffs do nothing more than attack the procedural basis for the Affirmative

27   Defenses. Plaintiffs claim that the Defenses are not appropriate under Rule 8. However, the

28   purpose of Rule 8(c) is merely to provide Plaintiffs with notice of an affirmative defense that may

1   be raised at trial. *Jackson v. City of Centreville* (N.D. Ala. 2010) 269 F.R.D. 661, 662. GBI has

2   provided such notice. Plaintiffs' attacks are premature. Plaintiffs have had a great deal of time to

3   investigate their claims prior to filing. GBI has had only the response period to prepare its Answer.

4   *Adams v. J.P. Morgan Chase Bank, N.A.,* 2011 U.S. Dist. LEXIS 79366, at *10. GBI is forced to

5   assert defenses, without the benefit of discovery, or risk waiving them. *Id.*

6         It is Plaintiffs' burden to demonstrate that there are no facts underlying GBI's Affirmative

7   Defenses. A defense need not include extensive factual allegations in order to give fair notice.

8   *Security People, Inc. v. Classic Woodworking, LLC,* No. C-04-3133, 2005 WL 645592, at *2 (N.D.

9   Cal. 2005), Plaintiffs must show that the Affirmative Defenses could not succeed under any

10  circumstances. *Systems Corp., supra,* 60 FRD at 694. They have not. They make only the

11  conclusory statement that GBI's Defenses are not supported by factual allegations. The Defenses

12  are succinct. They concisely raise new facts and arguments that, if true, will defeat Plaintiffs' claim,

13  even if all allegations in complaint are true. *Saks v. Franklin Covey Co.* (2nd Cir. 2003) 316 F3d

14  337, 350. The Motion must be denied.

15        **B.    Plaintiffs Have Not Demonstrated Prejudice.**

16        Plaintiffs' Motion should be denied; it does not demonstrate that their position will be

17  prejudiced by GBI's Defenses. Motions to strike should also not be granted unless the moving party

18  clearly establishes that the defense or language at issue has no possible relationship to the

19  controversy and is plainly prejudicial. See *Davis v. Ruby Foods, Inc.* (7th Cir. 2001) 269 F3d 818,

20  821; *Toucheque v. Price Bros. Co.* (D. MD 1998) 5 F.Supp.2d 341, 350; *Lirtzman v. Spiegel, Inc.*

21  (N.D. IL 1980) 493 F.Supp. 1029, 1031. Plaintiffs have made no such demonstration because they

22  cannot.

23        Plaintiffs claim that the Affirmative Defenses do not provide adequate notice. However,

24  their reliance on *Barnes v. AT&T Pension Benefit Plan- Nonbargained Program,* 718 F. Supp.2d

25  1167 (N.D.Cal. 2010) is not well-taken. In *Barnes,* the plaintiff sought redetermination of his

26  "employment service period" for pension eligibility purposes. He alleged one cause of action in a

27  twenty-paragraph complaint. Defendant responded with twenty-four affirmative defenses, while

28  ignoring plaintiff's specific allegations. *Id. at* 1169-70. The Court based its decision on defendant's

1   lack of fair notice, and because the defenses were immaterial. *Id. at* 1170 [internal citations

2   omitted]. For example, defendant asserted a general "unclean hands" defense against Plaintiff's

3   claim for redetermination of a calculation. *Id. at* 1172.

4          This matter is nothing like *Barnes*. The parties are well-acquainted; a succinct defense is

5   sufficient to provide proper notice. Each named Plaintiff has undergone a session of deposition. See

6   Declaration of An Nguyen Ruda ("Ruda Decl."), ¶2-4, Exhibits "A, "B," C." Plaintiffs have

7   deposed GBI's Person Most Knowledgeable ("PMK") as to ten categories regarding its timekeeping

8   and dispatch systems. Ruda Decl., ¶5, Exhibit "D." GBI has produced documents in response to

9   eighteen requests attendant to its PMK deposition. Ruda Decl., ¶5, Exhibit "E." Plaintiff has

10  propounded and GBI has responded to seventy-seven requests from the named Plaintiffs. Ruda

11  Decl., ¶6, Exhibit "F." The parties engaged in mediation on January 11, 2013. Ruda Decl., ¶7,

12  Exhibit "G." The parties have met and conferred with regard to discovery issues on multiple

13  occasions. Ruda Decl., ¶8. Plaintiffs cannot claim that GBI must "spell everything out" in its

14  Answer.

15         Each Affirmative Defense is relevant to Plaintiffs' wage claims. For example, GBI's Ninth

16  Affirmative Defense asserts that GBI had "reasonable grounds" to believe that there was no

17  violation of wage laws, including the FLSA. Plaintiffs seek to strike this defense. However, both

18  GBI and Plaintiffs are aware of the following facts: Plaintiffs are unionized employees. Their

19  wages and hours are governed by a collective bargaining agreement. GBI maintained a system by

20  which any potential discrepancies were promptly corrected. It is true that GBI did not recite these

21  facts in detail in its Affirmative Defense. GBI did not need to. Given their relationship, GBI is

22  aware that Plaintiffs possess these facts.

23         GBI has raised material defenses necessary to preserve its rights and avoid waiver. Each

24  relates to Plaintiffs' allegations and is based on the facts presently available to GBI. Each is a "short

25  and plain" statement . Each gives Plaintiffs fair notice of the defense and the grounds upon which it

26  rests. *Id. at* 1171. Each provides notice of facts and issues that GBI will raise at trial to defeat the

27  claims against it. None of them increase the cost or scope of litigation, curtail Plaintiffs' rights, or

28  prejudice them. Accordingly, the Motion should be denied.

1    **C.    In the Alternative, GBI Should be Given Leave to Amend.**

2         If the Court determines that GBI's Answer is inconsistent with the Federal Rules or

3    applicable case law, GBI respectfully requests that it be granted leave to amend.

4         The Federal Rules provide that leave to amend should be freely given "when justice so

5    requires." *Wyshak, supra,* 607 F.2d at 826. Furthermore, Federal policy strongly favors

6    determination of cases on their merits. Therefore, the role of pleadings is limited, and leave to

7    amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice,

8    or bad faith or dilatory motive on the part of the moving party. *Foman v. Davis* (1962) 371 U.S.

9    178, 182; *FilmTec Corp. v. Hydranautics* (Fed. Cir. 1995) 67 F.3d 931, 935–936; *Martinez v.*

10   *Newport Beach City* (9th Cir. 1997) 125 F.3d 777, 785. Thus, while "leave to amend should not be

11   granted automatically," the circumstances under which Rule 15(a) "permits denial of leave to

12   amend are limited." *Ynclan v. Department of Air Force* (5th Cir. 1991) 943 F2d 1388, 1391.

13        As set forth above, Plaintiffs have not demonstrated prejudice. Furthermore, GBI has

14   demonstrated without objection that the Affirmative Defenses at issue were asserted in order to

15   preserve its rights and provide Plaintiffs with notice of facts and defenses that will serve to defeat

16   their claims. Finally, even in Plaintiff's key case in support of their Motion, leave to amend was

17   granted. *Barnes, supra,* 718 F.Supp. at 1173. Accordingly, at a minimum, leave to amend is

18   warranted.

19   **III.    CONCLUSION:**

20        GBI has complied with the Federal Rules in submitting an Answer that is concise and

21   provides Plaintiffs with notice of facts and arguments that will defeat their claims. Plaintiffs have

22   not met their burden of demonstrating that there are no facts underlying the Affirmative Defenses.

23   Moreover, they have not even attempted to demonstrate prejudice. Accordingly, their Motion fails

24   and should be denied.

25   /////

26   /////

27   /////

28   /////

PRINTED ON
RECYCLED PAPER

LA 9288624v1                          - 5 -        OPPOSITION TO MOTION TO STRIKE
                                                   AFFIRMATIVE DEFENSES

1    In the alternative, GBI requests that the Court grant leave to amend its Answer should

2 further enumeration of facts be warranted.

3 DATED: March 1, 2013

            JEFFER, MANGELS, BUTLER & MITCHELL LLP
            AN NGUYEN RUDA

4             SEAN B. GIBBONS

5

6         By: _____

7                  AN NGUYEN RUDA
        Attorneys for Defendant GHILOTTI BROS., INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON
RECYCLED PAPER

LA 9288624v1

- 6 -

OPPOSITION TO MOTION TO STRIKE
AFFIRMATIVE DEFENSES