1     JEFFER, MANGELS, BUTLER & MITCHELL LLP
      AN NGUYEN RUDA (SBN 215453) (ahn@jmbm.com)
2     SEAN B. GIBBONS (SBN 263818) (sbg@jmbm.com)
      1900 Avenue of the Stars, Seventh Floor
3     Los Angeles, California 90067-4308
      Telephone:   (310) 203-8080
4     Facsimile:    (310) 203-0567

5     Attorneys for Defendant Ghilotti Bros. Inc.

6

7

8                   UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | JOSE RAMIREZ, LUIS GOMEZ, and | CASE NO.    3:12-cv-04590 |
|---|---|---|
| 12 | MARCK MENA ORTEGA on behalf of themselves and all other persons similarly situated, | **DECLARATION OF AN NGUYEN RUDA IN SUPPORT OF DEFENDANT GHILOTTI** |
| 13 | | **BROS., INC'S OPPOSITION TO** |
| 14 | Plaintiffs, | **PLAINTIFFS' MOTION TO STRIKE ALL AFFIRMATIVE DEFENSES IN ITS** |
| 15 | v. | **ANSWER** |
| 16 | GHILOTTI BROS, INC., a corporation; and DOES 1 through 50, inclusive, | Judge: Hon. Charles R. Breyer<br>Date: March 29, 2013 |
| 17 | Defendants. | Time: 10:00 A.M.<br>Crtrm: 6, 17th Floor |

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF AN NGUYEN RUDA

2    I, An Nguyen Ruda, do hereby declare and state as follows:

3        1.    I am an attorney duly licensed to practice law before all courts of the State of

4    California. I am a partner of the law firm of Jeffer Mangels Butler & Mitchell LLP, attorneys of

5    record for Defendant Ghilotti Bros., Inc. ("GBI") in the above-entitled matter. I have personal

6    knowledge of what is stated in this declaration and, if called upon to testify, I could and would

7    testify competently thereto.

8        2.    On December 20, 2012, I conducted the deposition of Plaintiff Jose Ramirez, which

9    deposition was transcribed by Coal Corey (C.S.R. No. 10699) of Atkinson-Baker Court Reporters,

10   Inc. True and correct copies of the cover page of the transcript of that deposition and the court

11   reporter's certificate are attached hereto as Exhibit "A."

12       3.    On December 20, 2012, I conducted the deposition of Plaintiff Marck Mena Ortega,

13   which deposition was transcribed by Ora B. Kohn (C.S.R. No. 11933) of Atkinson-Baker Court

14   Reporters, Inc. True and correct copies of the cover page of the transcript of that deposition and the

15   court reporter's certificate are attached hereto as Exhibit "B."

16       4.    On December 19, 2012, I conducted the deposition of Plaintiff Luis Gomez, which

17   deposition was transcribed by Ora B. Kohn (C.S.R. No. 11933) of Atkinson-Baker Court Reporters,

18   Inc. True and correct copies of the cover page of the transcript of that deposition and the court

19   reporter's certificate are attached hereto as Exhibit "C."

20       5.    On December 11, 2012, I was present and defended Michael Mario Ghilotti in his

21   capacity as Person Most Knowledgeable for GBI, which deposition was transcribed by Mary E.

22   Garland (C.S.R. No. 4721) of Capital Reporting Company. True and correct copies of the cover

23   page of the transcript of that deposition, and the court reporter's certificate are attached hereto as

24   Exhibit "D." A true and correct copy of Plaintiffs Notice of that deposition, including attendant

25   Requests for Production to which we responded, is attached hereto as Exhibit "E."

26       6.    Plaintiff has propounded and my office has responded to eight requests for

27   production of documents from Plaintiff Ortega, eight from Plaintiff Gomez, and sixty-one from

28   Plaintiff Ramirez. True and correct copies of the requests are attached hereto as Exhibit "F."

1     7.     On January 11, 2013, the parties engaged in mediation in front of the Honorable

2  William J. Cahill.

3     8.     I and my office have personally spoken to Plaintiffs counsel several times with

4  regard to substantial discovery issues.

5         I declare under penalty of perjury under the laws of the United States of America and the

6  State of California that the foregoing is true and correct and that this Declaration was executed on

7  this, the first day of March, 2013, at Los Angeles, California.

8

9                                   By: */s/ An Nguyen Ruda*
                                       AN NGUYEN RUDA
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit "A"

Jose Ramirez                                    December 20, 2012

1

```
1              UNITED STATES DISTRICT COURT

2         FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                    ---oOo---

4

5    JOSE RAMIREZ, LUIS GOMEZ, and        )
     MARCK MENA ORTEGA, on behalf of      )
6    themselves and all other persons     )
     similarly situated,                  )
7                                         )
              Plaintiffs,                 )
8      vs.                                )   No.  C 12-04590 JSC
                                          )
9    GHILOTTI BROS, INC., a corporation;  )
     GHILOTTI BROTHERS CONSTRUCTION,      )
10   INC., a corporation, and DOES        )
     1 through 50, inclusive,             )
11            Defendants.                 )
     _____)

12

13

14                   DEPOSITION OF

15                   JOSE RAMIREZ

16           SAN FRANCISCO, CALIFORNIA

17              December 20, 2012

18

19

20

21   ATKINSON-BAKER, INC.
     COURT REPORTERS
22   www.depo.com
     800-288-3376

23

24   REPORTED BY:  CORAL COREY, CSR NO. 10699

25   FILE NO:  A60B7DD
```

REPORTER'S CERTIFICATE

1
2
3
4          I, CORAL COREY, CSR No. 10699, Certified

5    Shorthand Reporter, certify;

6          That the foregoing proceedings were taken before

7    me at the time and place therein set forth, at which time

8    the witness was put under oath by me;

9          That the testimony of the witness, the questions

10   propounded, and all objections and statements made at the

11   time of the examination were recorded stenographically by

12   me and were thereafter transcribed;

13         That the foregoing is a true and correct

14   transcript of my shorthand notes so taken.

15         I further certify that I am not a relative or

16   employee of any attorney of the parties, nor financially

17   interested in the action.

18         I declare under penalty of perjury under the laws

19   of California that the foregoing is true and correct.

20   Dated this         JAN     8              ,2013.

21
22
23        Coral Corey

24        CORAL COREY, C.S.R. No. 10699

25

Exhibit "B"

1     UNITED STATES DISTRICT COURT

2     NORTHERN DISTRICT OF CALIFORNIA

3

4       ---o0o---

5

6 JOSE RAMIREZ, LUIS GOMEZ, AND  )
  MARCK MENA ORTEGA ON BEHALF OF )
7 THEMSELVES AND ALL OTHER PERSONS )
  SIMILARLY SITUATED      )
8             )
       Plaintiffs,   )
9             )
    vs.        ) CASE: C12-04590 JSC
10            )
  GHILOTTI BROS, INC., A    )
11 CORPORATION; GHILOTTI BROTHERS  )
  CONSTRUCTION, INC., A     )
12 CORPORATION, AND DOES 1 THROUGH )
  50, INCLUSIVE,      )
13            )
       Defendants.   )
14            )
            )

15

16

17   VIDEOTAPED DEPOSITION OF MARCK MENA ORTEGA

18     SAN FRANCISCO, CALIFORNIA

19     FRIDAY, DECEMBER 14, 2012

20

21 ATKINSON-BAKER, INC.
  COURT REPORTERS
22 800.288.3376
  WWW.DEPO.COM
23

24 Reported By: Ora B. Kohn, CSR 11933

25 File No. A60B7DC

STATE OF CALIFORNIA        )

                          ) SS

COUNTY OF CONTRA COSTA  )

I, ORA B. KOHN, Certified Shorthand

Reporter, do hereby certify:

That prior to being examined, the witness in the

foregoing proceedings was by me duly sworn to testify

to the truth, the whole truth, and nothing but the

truth.

That said proceedings were taken before me at

the time and place therein set forth and were taken

down by me in shorthand and thereafter transcribed into

typewriting under my direction and supervision.

I further certify that I am neither counsel

for, nor related to, any parties to said proceedings,

nor in any way interested in the outcome thereof.

In witness whereof, I have hereunto

subscribed my name.


Dated: December 26, 2012



ORA B. KOHN, CSR 11933


(SIGNATURE NOT REQUESTED)

145

335c34ea-edf3-4154-a480-713f1e3dfe87

Exhibit "C"

**A60B7DE**
**LUIS GOMEZ     DECEMBER 19, 2012**

```
 1            UNITED STATES DISTRICT COURT

 2           NORTHERN DISTRICT OF CALIFORNIA

 3

 4                  ---oOo---

 5

 6  JOSE RAMIREZ, LUIS GOMEZ, AND      )
    MARCK MENA ORTEGA ON BEHALF OF     )
 7  THEMSELVES AND ALL OTHER PERSONS   )
    SIMILARLY SITUATED                 )
 8                                     )
                Plaintiffs,            )
 9                                     )
         vs.                           ) CASE: C12-04590 JSC
10                                     )
    GHILOTTI BROS, INC., A             )
11  CORPORATION; GHILOTTI BROTHERS     )
    CONSTRUCTION, INC., A              )
12  CORPORATION, AND DOES 1 THROUGH    )
    50, INCLUSIVE,                     )
13                                     )
                Defendants.            )
14                                     )
                                       )
15

16

17       VIDEOTAPED DEPOSITION OF LUIS GOMEZ

18           SAN FRANCISCO, CALIFORNIA

19          WEDNESDAY, DECEMBER 19, 2012

20

21  ATKINSON-BAKER, INC.
    COURT REPORTERS
22  800.288.3376
    WWW.DEPO.COM
23

24  Reported By: Ora B. Kohn, CSR 11933

25  File No. A60B7DE
```

```
1                  STATE OF CALIFORNIA      )

2                                          ) SS

3              COUNTY OF CONTRA COSTA   )

4         I, ORA B. KOHN, Certified Shorthand

5  Reporter, do hereby certify:

6         That prior to being examined, the witness in the

7  foregoing proceedings was by me duly sworn to testify

8  to the truth, the whole truth, and nothing but the

9  truth.

10        That said proceedings were taken before me at

11 the time and place therein set forth and were taken

12 down by me in shorthand and thereafter transcribed into

13 typewriting under my direction and supervision.

14        I further certify that I am neither counsel

15 for, nor related to, any parties to said proceedings,

16 nor in any way interested in the outcome thereof.

17              In witness whereof, I have hereunto

18 subscribed my name.

19

20       Dated: January 2, 2013

21

22

23              ORA B. KOHN, CSR 11933

24

25       (SIGNATURE REQUESTED)
```

154

bf1a8977-d2fa-4c39-b726-23634255527

Exhibit "D"

Capital Reporting Company

1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


JOSE RAMIREZ, LUIS GOMEZ, and          No. C-12-4590-CRB
MARCK MENA ORTEGA on behalf
of themselves and all persons
similarly situated,

       Plaintiffs,

  vs.

GHILOTTI BROS., INC., a
corporation; GHILOTTI BROTHERS
CONSTRUCTION, INC., a corporation;
and DOES 1 to 50, inclusive,

       Defendants.
                        /



VIDEOTAPED DEPOSITION OF MICHAEL MARIO GHILOTTI

VOLUME I



DATE:          December 11, 2012

TIME:          9:43 a.m.

LOCATION:      ROSEN BIEN GALVAN & GRUNFELD
               315 Montgomery Street
               Tenth Floor
               San Francisco, California

REPORTED BY:   Mary E. Garland
               Certified Shorthand Reporter
               License Number 4721

Capital Reporting Company

2

```
1              A P P E A R A N C E S

2

3   For the Plaintiffs:

4        GAY CROSTHWAIT GRUNFELD, ESQ.
         JENNY S. YELIN, ESQ.
5        ROSEN BIEN GALVAN & GRUNFELD
         315 Montgomery Street
6        Tenth Floor
         San Francisco, California 94104-1823
7        (415) 433-6830

8

9   For the Defendants:

10       AN NGUYEN RUDA, ESQ.
         JEFFER MANGELS BUTLER & MITCHELL
11       1900 Avenue of the Stars
         Seventh Floor
12       Los Angeles, California 90067-4308
         (310) 203-8080
13

14
    Also Present:
15
         Sean McGrath, Video Technician
16       Stephanie Taylor

17

18

19

20

21

22

23

24

25
```

CERTIFICATION OF DEPOSITION OFFICER

I, MARY E. GARLAND, duly authorized to administer oaths pursuant to Section 2093(b) of the California Code of Civil Procedure, do hereby certify that the witness in the foregoing deposition was duly sworn by me to testify to the truth, the whole truth and nothing but the truth in the within-entitled cause; that said deposition was taken at the time and place therein stated; that the testimony of said witness was thereafter transcribed by means of computer-aided transcription under my direction; that the foregoing is a full, complete and true record of said testimony. And that the witness was given an opportunity to read and correct said deposition and to subscribe to the same.

I further certify that I am not of counsel or attorney for either or any of the parties in the foregoing deposition and caption named, nor in any way interested in the outcome of the cause named in said caption.

MARY E. GARLAND, CSR 4721

Exhibit "E"

GAY CROSTHWAIT GRUNFELD – 121944
KATHRYN G. MANTOAN – 239649
JENNY S. YELIN – 273601
ROSEN BIEN GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        ggrunfeld@rbgg.com
              kmantoan@rbgg.com
              jyelin@rbgg.com

ELISA J. STEWART – 219557
WENDY E. MUSELL – 203507
STEWART & MUSELL, LLP
351 California Street, Suite 700
San Francisco, California 94104
Telephone:    (415) 593-0083
Facsimile:    (415) 520-0920
Email:        estewart@stewartandmusell.com
              wmusell@stewartandmusell.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ, LUIS GOMEZ, and MARCK MENA ORTEGA on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GHILOTTI BROS., INC., a corporation; GHILOTTI BROTHERS CONSTRUCTION, INC., a corporation; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. C-12-4590-CRB<br><br>**NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION OF GHILOTTI BROS., INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Judge:  Hon. Charles R. Breyer |

[585883-2]

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of

3  Civil Procedure, Plaintiffs, by their attorneys, will take the deposition of Ghilotti Bros.,

4  Inc.'s ("GBI") person(s) most knowledgeable regarding the following subjects:

5      1.    GBI's computer and computer systems, including all servers, networks,

6  programs, cellular telephones, mobile devices, word processing, presentations, electronic

7  mail, audio and video files, personal information managers, calendars, databases, and

8  spreadsheet programs and other electronic data used by GBI to record, store, compute,

9  analyze or retrieve information regarding the work, activities, meal and rest breaks, and

10  compensation of GBI employees.

11     2.    The systems used by GBI to dispatch laborers and equipment to construction

12  job sites or projects.

13     3.    GBI's policies, practices, and procedures regarding assignment of laborers to

14  construction job sites or projects.

15     4.    The systems used by GBI to identify, track, or manage the physical locations

16  of construction job sites or projects.

17     5.    The systems used by GBI to identify, track or manage the assignment of

18  laborers to drive trucks owned, operated, or used by GBI.

19     6.    The systems used by GBI to identify, track, or manage the assignment of

20  trucks owned, operated, or used by GBI to construction job sites or projects and the times

21  such trucks leave and return to any GBI yard, including but not limited to the yards located

22  at 525 Jacoby Street in San Rafael, California, 4999 Lakeville Highway in Petaluma,

23  California, 739 Cresco Court in Santa Rosa, California, and 115 Brookside Drive in

24  Richmond, California.

25     7.    GBI's policies, practices, and procedures regarding employees' access to any

26  GBI yard, including but not limited to the yards located at 525 Jacoby Street in San Rafael,

27  California, 4999 Lakeville Highway in Petaluma, California, 739 Cresco Court in Santa

28  Rosa, California, and 115 Brookside Drive in Richmond, California.

NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION OF GHILOTTI BROS., INC. AND REQUEST FOR
PRODUCTION OF DOCUMENTS

8.     GBI's policies, practices, and procedures regarding how employees' hours worked are recorded and maintained.

9.     GBI's policies, practices, and procedures regarding how employees' meal and rest breaks are recorded and maintained.

10.    GBI's policies, practices, and procedures regarding the ability of supervisors to alter timekeeping and meal and rest break records of employees.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), GBI must designate individuals to testify about information known or reasonably available to GBI on each of these subjects.

The deposition will commence at 9:30 a.m. on November 28, 2012 at Rosen Bien Galvan & Grunfeld, 315 Montgomery Street, 10th Floor, San Francisco, CA 94104.  If not completed on the specified date, the deposition will continue from day-to-day, excluding Sundays and holidays, until such date as is necessary to complete the deposition.  The deposition shall be recorded by stenographic means and may also be videotaped.

## REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE FURTHER NOTICE pursuant to Federal Rule of Civil Procedure 30(b)(2) and 34, that the deponent(s) is required to produce the following documents at the deposition for copying and inspection at 315 Montgomery Street, 10th Floor, San Francisco, CA 94104 at 9:30 a.m. on November 21, 2012.

## INSTRUCTIONS

In responding to this Request for Production of Documents, you are requested to furnish all documents which are in your possession, custody or control, including information in the possession of your attorneys, or other persons directly or indirectly employed or retained by you, or connected with you or your attorneys, or anyone else acting on your behalf or otherwise subject to your control.

Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E), all responsive documents are required to be produced either:  (a) as they are kept in the usual course of business (together with copies of any file labels or binder covers for the files or binders in which

they are maintained); or (b) organized and labeled to correspond with the specific request to which they respond.

In responding to this Request for Production of Documents, if any responsive document is maintained electronically, the document shall be produced on disc in native format and with metadata intact. You are also requested to furnish print-outs of documents which may not currently exist in "hard copy" paper form but which exist in electronic form as electronic mail or as a document or file generated by word processing, data base or spreadsheet software, and which are stored electronically on a "floppy" disc, a compact disc, a zip drive, a personal computer hard drive, a network server, a back-up tape or disc, or any other electronic medium.

If an electronically-generated document does not currently exist as a "hard copy" and if it has been deleted from the hard drives of personal computers, you are requested to retrieve it from any other electronic medium (e.g., a network server or a backup tape disc) from which it is retrievable.

If you cannot respond to any document request in full, respond to the fullest extent possible, explain why you cannot respond to the remainder, and describe the nature of the documents which you cannot furnish.

## DEFINITIONS

1. "GHILOTTI BROS." or "DEFENDANT" means Ghilotti Bros., Inc.

2. The term "YOU" or "YOUR" means GHILOTTI BROS. or anyone acting on its behalf.

3. "GHILOTTI BROTHERS CONSTRUCTION" means Ghilotti Brothers Construction, Inc.

4. The term "CONCERNING" or "CONCERN" means referring to, alluding to, relating to, connected with, commenting upon, in respect of, about, regarding, discussing, reflecting, analyzing, evaluating, summarizing, touching upon, or constituting.

5. The term "CLASS PERIOD" means the period from June 27, 2008 through the present.

1      6.    The term "AFFECTED EMPLOYEE" or "AFFECTED EMPLOYEES"

2 refers to individuals employed by YOU in California now or during the CLASS PERIOD

3 who work or have worked at a construction site or at YOUR yards, including those located

4 at 525 Jacoby Street in San Rafael, California, 4999 Lakeville Highway in Petaluma,

5 California, 739 Cresco Court in Santa Rosa, California, and 115 Brookside Drive in

6 Richmond, California, or doing construction work as a laborer or in a similar capacity,

7 even if on "light duty."

8      7.    The term "DOCUMENT" means any writing, however produced or

9 reproduced, of every kind and regardless of where located, which is in YOUR possession,

10 custody, or control; or in the possession, custody or control of any servant or agent of

11 YOU or of YOUR attorneys.  The terms include the following: electronically recorded

12 information such as electronic mail ("email"), html files, databases, data processing cards

13 or tapes, computerized data, computer diskettes, or information otherwise contained on a

14 computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any

15 information maintained on digital, electronic, magnetic or other media; and any other

16 summary, schedule, memorandum, note, statement, letter, telegram, interoffice

17 communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or

18 complete report of telephone or oral conversation, transcript or minutes, compilation,

19 tabulation, study, analysis, or other such writing or recording.  The terms "DOCUMENT"

20 and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how

21 prepared, and all drafts prepared in connection with such DOCUMENTS, whether or not

22 used, as well as the file in which the DOCUMENTS are maintained.  A draft or non-

23 identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT which

24 has any nonconforming notes, marginal annotations or other markings, and any

25 preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within

26 the meaning of these terms.  The term "DOCUMENT" does not include any writing that

27 constitutes a communication between YOU and YOUR attorneys.  The term DOCUMENT

28 includes any associated METADATA and any NATIVE FORMAT of the DOCUMENT.

1    8.    The term "METADATA" means the data found within DOCUMENTS. It

2  includes all electronically-stored information that describes or defines the DOCUMENT

3  that is not generally visible in the ordinary electronic display or printing of the document.

4  Common examples include comments, markups and revisions, author name, owner name,

5  names of those who have edited the document, creation dates, edit dates, and other

6  information, including but not limited to records of past versions and drafts.

7    9.    The term "NATIVE FORMAT" as it relates to the production of electronic

8  data means the file format in which the DOCUMENT is ordinarily read and written by its

9  related software application. For example, a Microsoft Word 2003 document has a

10  NATIVE FORMAT of .doc.

11    10.    "ANY" and "ALL," as used herein, shall include "each" and "every" and are

12  not to be construed to limit a request.

13                        **SCOPE OF DISCOVERY**

14    Unless otherwise stated in a specific discovery request, these requests for the

15  production of DOCUMENTS shall be deemed to cover the time period from June 27, 2008

16  to the present.

17    1.    All requests phrased in either the disjunctive ("or") or conjunctive ("and") or

18  both, should be interpreted in the manner that makes YOUR response inclusive rather than

19  exclusive.

20    2.    To the extent that any DOCUMENT requested herein is maintained by YOU

21  in electronic format, such DOCUMENT should be produced in its NATIVE FORMAT

22  (with METADATA intact).

23    3.    To the extent that any DOCUMENT requested has already been produced in

24  response to a previous request, YOU need not produce the DOCUMENT a subsequent

25  time and may refer to it by Bates stamp number or other unique identifier.

26                **OBJECTIONS AND DOCUMENTS WITHHELD**

27    1.    If YOU object to part of a DOCUMENT request and refuse to answer that

28  part, state YOUR objection and respond to the remaining portion of that DOCUMENT

NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION OF GHILOTTI BROS., INC. AND REQUEST FOR
PRODUCTION OF DOCUMENTS

1  request. IF YOU object to the scope or time period of a DOCUMENT request and refuse

2  to respond for that scope or time period, state YOUR objection and respond to the

3  DOCUMENT request for the scope or time period YOU believe is appropriate.

4      2.     With respect to any requested DOCUMENT that YOU refuse to produce in

5  response to these Requests for Production on the basis of any asserted privilege, please

6  state:

7            a.    the full identity of the DOCUMENT including:

8                   i.    date of the DOCUMENT;

9                   ii.    its title (if any);

10                   iii.    its authors, addressees, recipients or parties;

11                   iv.    the nature of the DOCUMENT (e.g., letter, memorandum,

12                       etc.);

13                   v.    the individual or source from whom or which YOU obtained it;

14                       and

15                   vi.    its present location and identity of its custodian;

16            b.    whether YOUR objection or refusal is directed to the entire

17                DOCUMENT or part thereof;

18            c.    if YOUR objection or refusal goes to part of the DOCUMENT,

19                specify the specific part(s) of the DOCUMENT to which YOUR

20                objection or refusal is directed; and

21            d.    the specific factual basis which gives rise to the objection or refusal

22                and the specific legal ground on which the objection or refusal is

23                based.

24      3.     If any of the following requested DOCUMENTS cannot be located or

25  produced after exercising due diligence to secure the information, please so state and

26  respond to the extent possible, specifying YOUR inability to respond fully, and stating

27  whatever information YOU have CONCERNING the non-produced DOCUMENTS. If

28  YOUR response is qualified in any particular manner, please set forth the details of such

1 | qualification.

2 | **DOCUMENT REQUESTS**

3 | **DOCUMENT REQUEST 1:**

4 | ANY and ALL DOCUMENTS sufficient to identify the nature and extent of YOUR

5 | computer and computer systems, including all servers, networks, cellular telephones,

6 | mobile devices, word processing, presentations, electronic mail, audio and video files,

7 | personal information managers, calendars, databases, and spreadsheet programs and other

8 | electronic data, used by YOU to record, store, compute, analyze or retrieve information

9 | referring or relating to the work, activities, meal and rest periods taken, and compensation

10 | of AFFECTED EMPLOYEES at any time during the CLASS PERIOD.

11 | **DOCUMENT REQUEST 2:**

12 | ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices, and

13 | procedures, if any, in effect since June 27, 2008 CONCERNING how AFFECTED

14 | EMPLOYEES record time worked.

15 | **DOCUMENT REQUEST 3:**

16 | ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices, and

·17 | procedures, if any, in effect since June 27, 2008 CONCERNING how AFFECTED

18 | EMPLOYEES record meal and rest breaks.

19 | **DOCUMENT REQUEST 4:**

20 | ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices, and

21 | procedures for maintaining records of the hours worked by AFFECTED EMPLOYEES

22 | during the CLASS PERIOD.

23 | **DOCUMENT REQUEST 5:**

24 | ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices, and

25 | procedures for maintaining records of the meal and rest breaks taken by AFFECTED

26 | EMPLOYEES during the CLASS PERIOD.

27 | **DOCUMENT REQUEST 6:**

28 | ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices, and

{585883-2]                                                                     C-12-4590-CRB

1  procedures during the CLASS PERIOD CONCERNING the ability of supervisors to alter

2  timekeeping or meal or rest break records of AFFECTED EMPLOYEES.

3  **DOCUMENT REQUEST 7:**

4  ANY and ALL bulletins, posters, or other DOCUMENTS posted at any job site or

5  location since June 27, 2008 CONCERNING the recordation of time worked.

6  **DOCUMENT REQUEST 8:**

7  ANY and ALL bulletins, posters, or other DOCUMENTS posted at any job site or

8  location since June 27, 2008 CONCERNING the recordation of travel time.

9  **DOCUMENT REQUEST 9:**

10  ANY and ALL bulletins, posters, or other DOCUMENTS posted at any job site or

11  location since June 27, 2008 CONCERNING meal breaks AND/OR rest periods.

12  **DOCUMENT REQUEST 10:**

13  YOUR DOCUMENT retention policy, including with respect to electronic

14  DOCUMENTS.

15  **DOCUMENT REQUEST 11:**

16  ANY and ALL DOCUMENTS CONCERNING the dates and times since June 27,

17  2008, ANY trucks or other vehicles owned, used, or operated by GHILOTTI BROS.

18  entered or exited ANY GHILOTTI BROS. yard, including but not limited to the yards

19  located at 525 Jacoby Street in San Rafael, California, 4999 Lakeville Highway in

20  Petaluma, California, 739 Cresco Court in Santa Rosa, California, and 115 Brookside

21  Drive in Richmond, California, and the assigned destinations of those trucks or vehicles.

22  **DOCUMENT REQUEST 12:**

23  ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices, and

24  procedures, if any, CONCERNING YOUR employees' access to ANY GHILOTTI BROS.

25  yard, including but not limited to the yards located at 525 Jacoby Street in San Rafael,

26  California, 4999 Lakeville Highway in Petaluma, California, 739 Cresco Court in Santa

27  Rosa, California, and 115 Brookside Drive in Richmond, California. This request

28  includes, but is not limited to, ANY and ALL DOCUMENTS CONCERNING the person

1  or persons responsible for unlocking or opening ANY gate, fence, or door at ANY

2  GHILOTTI BROS. yard, including but not limited to the yards located at 525 Jacoby

3  Street in San Rafael, California, 4999 Lakeville Highway in Petaluma, California, 739

4  Cresco Court in Santa Rosa, California, and 115 Brookside Drive in Richmond, California.

5  **DOCUMENT REQUEST 13:**

6      ANY and ALL DOCUMENTS that CONCERN the system(s) used by YOU to

7  dispatch laborers and equipment to construction job sites or projects.

8  **DOCUMENT REQUEST 14:**

9      ANY and ALL DOCUMENTS that CONCERN YOUR policies, practices, and

10  procedures CONCERNING assignment of laborers to construction job sites or projects.

11  **DOCUMENT REQUEST 15:**

12      ANY and ALL DOCUMENTS that CONCERN the system(s) used by YOU to

13  identify, track, or manage the physical locations of construction job sites or projects.

14  **DOCUMENT REQUEST 16:**

15      ANY and ALL DOCUMENTS that CONCERN the system(s) used by YOU to

16  identify, track, or manage the assignment of laborers to drive trucks owned, operated, or

17  used by YOU.

18  **DOCUMENT REQUEST 17:**

19      ANY and ALL DOCUMENTS that CONCERN the system(s) used by YOU to

20  identify, track, or manage the assignment of trucks owned, operated, or used by YOU to

21  construction job sites or projects and the times such trucks leave and return to any

22  GHILOTTI BROS. yard, including but not limited to the yards located at 525 Jacoby

23  Street in San Rafael, California, 4999 Lakeville Highway in Petaluma, California, 739

24  Cresco Court in Santa Rosa, California, and 115 Brookside Drive in Richmond, California.

25  / / /

26  / / /

27  / / /

28  / / /

1  **DOCUMENT REQUEST 18:**

2      ANY and ALL DOCUMENTS identifying the address of any job site at which any

3  AFFECTED EMPLOYEE has worked during the CLASS PERIOD.

4

5  DATED: October 22, 2012          ROSEN BIEN GALVAN & GRUNFELD LLP

6

7                                   By: _____

8                                        Gay Crosthwait Grunfeld

9                                   Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{685883-2}

                                           10                        C-12-4590-CRB
      NOTICE OF FED. R. CIV. P. 30(b)(6) DEPOSITION OF GHILOTTI BROS., INC. AND REQUEST FOR
                                   PRODUCTION OF DOCUMENTS

Exhibit "F"

72794-0001

1   GAY CROSTHWAIT GRUNFELD – 121944
    KATHRYN G. MANTOAN – 239649
2   LAURA BOYSEN-ARAGON – 248083
    JENNY S. YELIN – 273601
3   ROSEN BIEN GALVAN & GRUNFELD LLP
    315 Montgomery Street, Tenth Floor
4   San Francisco, California 94104-1823
    Telephone:   (415) 433-6830
5   Facsimile:   (415) 433-7104
    Email:       ggrunfeld@rbgg.com
6                lboysen-aragon@rbgg.com
                 jyelin@rbgg.com
7
    ELISA J. STEWART – 219557
8   WENDY E. MUSELL – 203507
    STEWART & MUSELL, LLP
9   351 California Street, Suite 700
    San Francisco, California 94104
10  Telephone:   (415) 593-0083
    Facsimile:   (415) 520-0920
11  Email:       estewart@stewartandmusell.com
                 wmusell@stewartandmusell.com
12
    Attorneys for Plaintiffs
13

14              UNITED STATES DISTRICT COURT

15              NORTHERN DISTRICT OF CALIFORNIA

16

17  JOSE RAMIREZ, LUIS GOMEZ, and        Case No. C-12-4590-CRB
    MARCK MENA ORTEGA on behalf of
18  themselves and all persons similarly  **PLAINTIFF RAMIREZ'S REQUEST**
    situated,                            **FOR PRODUCTION OF**
19                                       **DOCUMENTS, SET ONE TO**
                  Plaintiffs,            **DEFENDANT GHILOTTI BROS., INC.**
20
          v.
21
    GHILOTTI BROS., INC., a corporation;
22  GHILOTTI BROTHERS
    CONSTRUCTION, INC., a corporation;
23  and DOES 1 to 50, inclusive,

24                Defendants.

25

26  PROPOUNDING PARTY:    Plaintiff JOSE RAMIREZ

27  RESPONDING PARTY:     Defendant GHILOTTI BROS., INC.

28  SET NUMBER:           ONE (1)

[862336-3]

PLAINTIFF RAMIREZ'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT
GHILOTTI BROS., INC.

1  TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

2  Plaintiff Jose Ramirez hereby demands, pursuant to Rule 34 of the Federal Rules of

3  Civil Procedure, that Defendant Ghilotti Bros., Inc. respond under oath to the following

4  document requests, and produce and permit inspection or copying of the original

5  documents and materials described below at Rosen Bien Galvan & Grunfeld LLP, 30 days

6  after service of this demand.

7  A written response hereto is required of said Defendant within 30 days after service

8  of this demand, consisting of either a statement that Defendant will comply with this

9  demand or an objection to all or part of this demand.

10  In responding to this Request for Production of Documents, you are requested to

11  furnish all documents which are in your possession, custody or control, including

12  information in the possession of your attorneys, or other persons directly or indirectly

13  employed or retained by you, or connected with you or your attorneys, or anyone else

14  acting on your behalf or otherwise subject to your control.

15  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E), all responsive documents

16  are required to be produced either: (a) as they are kept in the usual course of business

17  (together with copies of any file labels or binder covers for the files or binders in which

18  they are maintained); or (b) organized and labeled to correspond with the specific request

19  to which they respond.

20  In responding to this Request for Production of Documents, if any responsive

21  document is maintained electronically, the document shall be produced on disc in native

22  format and with metadata intact. You are also requested to furnish print-outs of documents

23  which may not currently exist in "hard copy" paper form but which exist in electronic form

24  as electronic mail or as a document or file generated by word processing, data base or

25  spreadsheet software, and which are stored electronically on a "floppy" disc, a compact

26  disc, a zip drive, a personal computer hard drive, a network server, a back-up tape or disc,

27  or any other electronic medium.

28  If an electronically-generated document does not currently exist as a "hard copy"

[662336-3]

1

1  and if it has been deleted from the hard drives of personal computers, you are requested to

2  retrieve it from any other electronic medium (e.g., a network server or a backup tape disc)

3  from which it is retrievable.

4      If you cannot respond to any document request in full, respond to the fullest extent

5  possible, explain why you cannot respond to the remainder, and describe the nature of the

6  documents which you cannot furnish.

**DEFINITIONS**

7

8      1.      "GHILOTTI BROS." or "DEFENDANT" means Ghilotti Bros., Inc.

9      2.      The term "YOU" or "YOUR" means GHILOTTI BROS. or anyone acting on

10  its behalf.

11      3.      "GHILOTTI BROTHERS CONSTRUCTION" means Ghilotti Brothers

12  Construction, Inc.

13      4.      The term "PLAINTIFF" means Plaintiff Jose Ramirez.

14      5.      The term "CONCERNING" or "CONCERN" means referring to, alluding to,

15  relating to, connected with, commenting upon, in respect of, about, regarding, discussing,

16  reflecting, analyzing, evaluating, summarizing, touching upon, or constituting.

17      6.      The term "CLASS PERIOD" means the period from June 27, 2008 through

18  the present.

19      7.      The term "AFFECTED EMPLOYEE" or "AFFECTED EMPLOYEES"

20  refers to individuals employed by YOU in California now or during the CLASS PERIOD

21  who work or have worked at a construction site or at the yard located at 525 Jacoby Street

22  in San Rafael, California, or doing construction work as a laborer or in a similar capacity,

23  even if on "light duty."

24      8.      The term "DOCUMENT" means any writing, however produced or

25  reproduced, of every kind and regardless of where located, which is in YOUR possession,

26  custody, or control; or in the possession, custody or control of any servant or agent of

27  YOU or of YOUR attorneys. The terms include the following: electronically recorded

28  information such as electronic mail ("email"), html files, databases, data processing cards

[662336-3]

2

1  or tapes, computerized data, computer diskettes, or information otherwise contained on a

2  computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any

3  information maintained on digital, electronic, magnetic or other media; and any other

4  summary, schedule, memorandum, note, statement, letter, telegram, interoffice

5  communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or

6  complete report of telephone or oral conversation, transcript or minutes, compilation,

7  tabulation, study, analysis, or other such writing or recording. The terms "DOCUMENT"

8  and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how

9  prepared, and all drafts prepared in connection with such DOCUMENTS, whether or not

10  used, as well as the file in which the DOCUMENTS are maintained. A draft or non-

11  identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT which

12  has any nonconforming notes, marginal annotations or other markings, and any

13  preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within

14  the meaning of these terms. The term "DOCUMENT" does not include any writing that

15  constitutes a communication between YOU and YOUR attorneys. The term DOCUMENT

16  includes any associated METADATA and any NATIVE FORMAT of the DOCUMENT.

17      9.      The term "METADATA" means the data found within DOCUMENTS. It

18  includes all electronically-stored information that describes or defines the DOCUMENT

19  that is not generally visible in the ordinary electronic display or printing of the document.

20  Common examples include comments, markups and revisions, author name, owner name,

21  names of those who have edited the document, creation dates, edit dates, and other

22  information, including but not limited to records of past versions and drafts.

23      10.     The term "NATIVE FORMAT" as it relates to the production of electronic

24  data means the file format in which the DOCUMENT is ordinarily read and written by its

25  related software application. For example, a Microsoft Word 2003 document has a

26  NATIVE FORMAT of .doc.

27      11.     "ANY" and "ALL," as used herein, shall include "each" and "every" and are

28  not to be construed to limit a request.

3

[662336-3]

**SCOPE OF DISCOVERY**

Unless otherwise stated in a specific discovery request, these requests for the production of DOCUMENTS shall be deemed to cover the time period from January 1, 2008 to the present.

1.    All requests phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes YOUR response inclusive rather than exclusive.

2.    To the extent that any DOCUMENT requested herein is maintained by YOU in electronic format, Plaintiffs request that such DOCUMENT be produced in its NATIVE FORMAT (including METADATA).

3.    To the extent that any DOCUMENT requested has already been produced in response to a previous request, YOU need not produce the DOCUMENT a subsequent time and may refer to it by Bates stamp number or other unique identifier.

**OBJECTIONS AND DOCUMENTS WITHHELD**

1.    If YOU object to part of a DOCUMENT request and refuse to answer that part, state YOUR objection and respond to the remaining portion of that DOCUMENT request.  If YOU object to the scope or time period of a DOCUMENT request and refuse to respond for that scope or time period, state YOUR objection and respond to the DOCUMENT request for the scope or time period YOU believe is appropriate.

2.    With respect to any requested DOCUMENT that YOU refuse to produce in response to these Requests for Production, please state:

      a.    the full identity of the DOCUMENT including:

            i.    date of the DOCUMENT;

            ii.    its title (if any);

            iii.    its authors, addressees, recipients or parties;

            iv.    the nature of the DOCUMENT (e.g., letter, memorandum, etc.);

            v.    the individual or source from whom or which YOU obtained it;

[662336-3]

1          and

2                    vi.      its present location and identity of its custodian;

3          b.      whether YOUR objection or refusal is directed to the entire

4                  DOCUMENT or part thereof;

5          c.      if YOUR objection or refusal goes to part of the DOCUMENT,

6                  specify the specific part(s) of the DOCUMENT to which YOUR

7                  objection or refusal is directed; and

8          d.      the specific factual basis which gives rise to the objection or refusal

9                  and the specific legal ground on which the objection or refusal is

10                  based.

11     3.      If any of the following requested DOCUMENTS cannot be located or

12     produced after exercising due diligence to secure the information, please so state and

13     respond to the extent possible, specifying YOUR inability to respond fully, and stating

14     whatever information YOU have CONCERNING the non-produced DOCUMENTS. If

15     YOUR response is qualified in any particular manner, please set forth the details of such

16     qualification.

17                              **DOCUMENTS TO BE PRODUCED**

18     **REQUEST NO. 1:**

19          The complete personnel file of PLAINTIFF RAMIREZ.

20     **REQUEST NO. 2:**

21          ANY and ALL DOCUMENTS generated or maintained by PLAINTIFF RAMIREZ'S

22     supervisors about PLAINTIFF RAMIREZ.

23     **REQUEST NO. 3:**

24          ANY and ALL DOCUMENTS that CONCERN amounts paid by YOU, including any

25     wages and benefits, to PLAINTIFF RAMIREZ.

26     **REQUEST NO. 4:**

27          ANY and ALL DOCUMENTS describing, evidencing, or showing all wages, as

28     that term is defined in California Labor Code Sec. 200, et seq. paid to PLAINTIFF

[382336-3]

5

1   RAMIREZ during the term of PLAINTIFF RAMIREZ's employment.

2   **REQUEST NO. 5:**

3      The names, addresses, and telephone numbers of all AFFECTED EMPLOYEES.

4   **REQUEST NO. 6:**

5      ANY and ALL written agreements between YOU and any AFFECTED

6   EMPLOYEE agreeing to on-duty meal periods.

7   **REQUEST NO. 7:**

8      ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices, and

9   procedures, if any, in effect from January 1, 2008 through December 31, 2010,

10   CONCERNING meal periods for AFFECTED EMPLOYEES.

11   **REQUEST NO. 8:**

12      ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices, and

13   procedures, if any, in effect from January 1, 2008 through December 31, 2010

14   CONCERNING how AFFECTED EMPLOYEES record time taken for meal periods.

15   **REQUEST NO. 9:**

16      ANY and ALL DOCUMENTS recording the times from January 1, 2008 through

17   December 31, 2010 at which AFFECTED EMPLOYEES took their meal periods.

18   **REQUEST NO. 10:**

19      ANY and ALL DOCUMENTS discussing, publicizing or defining the acceptable

20   locations at which AFFECTED EMPLOYEES could take their meal periods from

21   January 1, 2008 to December 31, 2010.

22   **REQUEST NO. 11:**

23      ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices and

24   procedures, if any, for providing rest periods to AFFECTED EMPLOYEES during the

25   CLASS PERIOD.

26   **REQUEST NO. 12:**

27      ANY and ALL DOCUMENTS reflecting rest periods taken by AFFECTED

28   EMPLOYEES during the CLASS PERIOD.

[062335-3]

PLAINTIFF RAMIREZ'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT
GHILOTTI BROS., INC.

1 | **REQUEST NO. 13:**

2 | ANY and ALL DOCUMENTS recording the times during the CLASS PERIOD at

3 | which AFFECTED EMPLOYEES took rest periods.

4 | **REQUEST NO. 14:**

5 | ANY and ALL DOCUMENTS that constitute agreements between YOU and

6 | AFFECTED EMPLOYEES to waive rest periods during the CLASS PERIOD.

7 | **REQUEST NO. 15:**

8 | ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices, and

9 | procedures, if any, in effect since January 1, 2008 CONCERNING how AFFECTED

10 | EMPLOYEES record time worked.

11 | **REQUEST NO. 16:**

12 | ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices, and

13 | procedures for maintaining records of the hours worked by AFFECTED EMPLOYEES

14 | during the CLASS PERIOD.

15 | **REQUEST NO. 17:**

16 | ANY and ALL electronic or other certified payroll reports for AFFECTED

17 | EMPLOYEES during the CLASS PERIOD, including any prior archived information.

18 | **REQUEST NO. 18:**

19 | ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices, and

20 | procedures during the CLASS PERIOD CONCERNING the ability of supervisors to alter

21 | timekeeping records of AFFECTED EMPLOYEES.

22 | **REQUEST NO. 19:**

23 | ANY and ALL bulletins, posters, or other DOCUMENTS posted at any job site or

24 | locations since January 1, 2008 CONCERNING the recordation of time worked.

25 | **REQUEST NO. 20:**

26 | ANY and ALL bulletins, posters, or other DOCUMENTS posted at any job site or

27 | locations from January 1, 2008 to December 31, 2010 CONCERNING the recordation of

28 | meal periods.

[862336-3]

**REQUEST NO. 21:**

ANY and ALL bulletins, posters, or other DOCUMENTS posted at any job site or locations since January 1, 2008 CONCERNING the recordation of travel time.

**REQUEST NO. 22:**

ANY and ALL collective bargaining agreements entered into by YOU covering any AFFECTED EMPLOYEE and in effect since January 1, 2008.

**REQUEST NO. 23:**

ANY and ALL DOCUMENTS CONCERNING any written release of wage claims executed by any AFFECTED EMPLOYEE for any wages earned during the CLASS PERIOD.

**REQUEST NO. 24:**

ANY and ALL DOCUMENTS provided by YOU to any AFFECTED EMPLOYEE since January 1, 2008, CONCERNING meal periods, rest breaks and/or recording time worked for YOU.

**REQUEST NO. 25:**

ANY and ALL DOCUMENTS CONCERNING any complaints, whether internal, civil, or administrative, lodged, filed, alleged, or settled against DEFENDANT since January 1, 2008 related to the non-payment of wages, the failure to pay minimum wages, and/or the failure to pay overtime wages (including grievances filed with any union).

**REQUEST NO. 26:**

ANY and ALL DOCUMENTS CONCERNING any complaints, whether internal, civil, or administrative, lodged, filed, alleged, or settled against DEFENDANT from January 1, 2008 through December 31, 2010 related to the failure to provide meal periods (including grievances filed with any union).

**REQUEST NO. 27:**

ANY and ALL DOCUMENTS CONCERNING any complaints, whether internal, civil, or administrative, lodged, filed, alleged, or settled against DEFENDANT since January 1, 2008 related to the failure to provide rest periods (including grievances filed

[652336-3]

8

1 │ with any union).

2 │ **REQUEST NO. 28:**

3 │ ANY and ALL DOCUMENTS CONCERNING any complaints, whether internal,

4 │ civil, or administrative, lodged, filed, alleged, or settled against DEFENDANT since

5 │ January 1, 2008 related to the failure to furnish accurate wage statements or employment

6 │ records (including grievances filed with any union).

7 │ **REQUEST NO. 29:**

8 │ ANY and ALL DOCUMENTS including electronic or other reports identifying the

9 │ address and/or number of any job site at which any AFFECTED EMPLOYEE has worked

10 │ during the CLASS PERIOD, including any prior archived information.

11 │ **REQUEST NO. 30:**

12 │ ANY and ALL documents CONCERNING the financial condition of GHILOTTI

13 │ BROS., including but not limited to, financial disclosures, internal controls, revenue

14 │ accounting practices, or revenue reporting, from the period of January 1, 2008 to the

15 │ present.

16 │ **REQUEST NO. 31:**

17 │ ANY and ALL DOCUMENTS CONCERNING the relationship between

18 │ GHILOTTI BROS., a corporation, and GHILOTTI BROTHERS CONSTRUCTION, a

19 │ corporation.

20 │ **REQUEST NO. 32:**

21 │ ANY and ALL organizational charts from January 1, 2008 to present used,

22 │ developed, or created for GHILOTTI BROS.

23 │ **REQUEST NO. 33:**

24 │ ANY and ALL DOCUMENTS recording the hours per day since January 1, 2008

25 │ for which AFFECTED EMPLOYEES were compensated.

26 │ **REQUEST NO. 34:**

27 │ ANY and ALL electronic records, in NATIVE FORMAT as maintained in the

28 │ ordinary course of business, recording the number of hours per day that each AFFECTED

[662336-3]

9

1 EMPLOYEE worked since January 1, 2008.

2 **REQUEST NO. 35:**

3    ANY and ALL DOCUMENTS recording the times since January 1, 2008 during

4 which AFFECTED EMPLOYEES began and/or ended their shift. (This request includes,

5 but is not limited to, any electronic timekeeping or dispatch records, time cards, foreman

6 logs, and/or supervisor's logs.)

7 **REQUEST NO. 36:**

8    ANY and ALL DOCUMENTS CONCERNING the hours PLAINTIFF RAMIREZ

9 performed work for DEFENDANT before his shift start time and after his shift end time,

10 as those shift start and end times were stated by DEFENDANT, from January 1, 2008 to

11 the present.

12 **REQUEST NO. 37:**

13    ANY and ALL DOCUMENTS CONCERNING the hours PLAINTIFF RAMIREZ

14 spent driving any vehicle of DEFENDANT from January 1, 2008 to the present.

15 **REQUEST NO. 38:**

16    ANY and ALL DOCUMENTS CONCERNING the hours any AFFECTED

17 EMPLOYEE performed work for DEFENDANT before the shift start times and after the

18 shift end times of each AFFECTED EMPLOYEE, as those shift start and end times were

19 stated by DEFENDANT, from January 1, 2008 to the present. (This request includes, but

20 is not limited to, daily "Dispatch Reports," "Jobs Working" lists, and "Employee Work

21 Day" documents created with Preciseware AVD 1.0 or any other similar system).

22 **REQUEST NO. 39:**

23    ANY and ALL DOCUMENTS CONCERNING the hours any AFFECTED

24 EMPLOYEE spent driving any vehicle of DEFENDANT from January 1, 2008 to the

25 present, including but not limited to daily "Dispatch Reports," "Jobs Working" lists, and

26 "Employee Work Day" documents created with Preciseware AVD 1.0, or any other similar

27 system.

28

PLAINTIFF RAMIREZ'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT
GHILOTTI BROS., INC.

[562336-3]

1  **REQUEST NO. 40:**

2  ANY and ALL DOCUMENTS CONCERNING PLAINTIFF RAMIREZ's duties

3  and responsibilities, if any, during his term of employment with DEFENDANT from

4  January 1, 2008 to the present.

5  **REQUEST NO. 41:**

6  ANY and ALL DOCUMENTS describing, evidencing, or showing job functions of

7  all positions held by PLAINTIFF RAMIREZ.

8  **REQUEST NO. 42:**

9  ANY and ALL liability insurance policies that may cover part or all of any

10  judgment that may be entered in this action, or may indemnify or reimburse payments

11  made to satisfy a judgment in this action.

12  **REQUEST NO. 43:**

13  ANY and ALL liability insurance policies that may cover part or all of any defense

14  of this action, or may indemnify or reimburse payments made to defend this action.

15  **REQUEST NO. 44:**

16  ANY and ALL DOCUMENTS describing, evidencing, or showing any payment or

17  incentive program to supervisors of DEFENDANTS related to labor and/or wage costs.

18  **REQUEST NO. 45:**

19  ANY and ALL employee manuals produced or used since January 1, 2008 that

20  govern the terms of employment of AFFECTED EMPLOYEES.

21  **REQUEST NO. 46:**

22  ANY and ALL DOCUMENTS that constitute, refer or relate to personnel guides,

23  employee handbooks, training materials, supervisory manuals, memos, directives and

24  similar DOCUMENTS that describe, embody, or otherwise reflect YOUR employment

25  policies, practices and procedures applied to AFFECTED EMPLOYEES during the

26  CLASS PERIOD.

27  **REQUEST NO. 47:**

28  ANY and ALL DOCUMENTS describing YOUR computer and computer systems,

[682356-3]

11

1 | including all servers, networks, and word processing, presentations, electronic mail, audio

2 | and video files, personal information managers, calendars, databases, and spreadsheet

3 | programs and other electronic data used by YOU to record, store, compute, analyze or

4 | retrieve information referring or relating to the work or activities and compensation of

5 | AFFECTED EMPLOYEES at any time during the CLASS PERIOD.

6 | **REQUEST NO. 48:**

7 | ANY and ALL DOCUMENTS CONCERNING the dates and terms of separation

8 | from employment for all AFFECTED EMPLOYEES who terminated during the CLASS

9 | PERIOD.

10 | **REQUEST NO. 49:**

11 | ANY and ALL DOCUMENTS that CONCERN amounts paid by YOU, including

12 | any wages and benefits, to all AFFECTED EMPLOYEES during the CLASS PERIOD.

13 | **REQUEST NO. 50:**

14 | ANY and ALL DOCUMENTS describing, evidencing, or showing all wages, as

15 | that term is defined in Labor Code Sec. 200, et seq. paid to all AFFECTED EMPLOYEES

16 | during the term of each AFFECTED EMPLOYEE'S employment.

17 | **REQUEST NO. 51:**

18 | ANY and ALL DOCUMENTS showing the wage rates earned by all AFFECTED

19 | EMPLOYEES throughout the CLASS PERIOD.

20 | **REQUEST NO. 52:**

21 | ANY and ALL DOCUMENTS CONCERNING ANY and ALL Employee

22 | Satisfaction Surveys conducted by YOU during the CLASS PERIOD.

23 | **REQUEST NO. 53:**

24 | ANY and ALL DOCUMENTS distributed to employees of GHILOTTI BROS.

25 | during the CLASS PERIOD, including but not limited to memoranda and newsletters,

26 | which contain a "Safety Update" or ANY information CONCERNING equipment damage,

27 | accident/incident reports, lost time due to injuries, timecards, or site inspections.

28 |

[662335-3]

12

PLAINTIFF RAMIREZ'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT
GHILOTTI BROS., INC.

1 **REQUEST NO. 54:**

2     ANY and ALL DOCUMENTS distributed to employees of GHILOTTI BROS.

3 during the CLASS PERIOD, including but not limited to memoranda, CONCERNING

4 how employees should report concerns to the company, complaint procedures, and

5 retaliation.

6 **REQUEST NO. 55:**

7     ANY and ALL DOCUMENTS distributed to employees of GHILOTTI BROS.

8 during the CLASS PERIOD, including but not limited to memoranda, CONCERNING the

9 payment of bonuses and incentive pay.

10 **REQUEST NO. 56:**

11     For each day during the CLASS PERIOD, a list of each AFFECTED EMPLOYEE

12 working that day, including the AFFECTED EMPLOYEE'S name, job site location, and

13 assigned truck number, if applicable.

14 **REQUEST NO. 57:**

15     ANY and ALL surveillance videotapes or other recordings made during the CLASS

16 PERIOD showing ANY trucks owned, used, or operated by GHILOTTI BROS. entering or

17 exiting ANY GHILOTTI BROS. yard, including but not limited to the yard located at 525

18 Jacoby Street in San Rafael, California.

19 **REQUEST NO. 58:**

20     ANY and ALL DOCUMENTS CONCERNING the dates and times ANY trucks

21 owned, used, or operated by GHILOTTI BROS. entered or exited ANY GHILOTTI

22 BROS. yard, including but not limited to the yard located at 525 Jacoby Street in San

23 Rafael, California, and the assigned destinations of those trucks.

24 **REQUEST NO. 59:**

25     ANY and ALL DOCUMENTS CONCERNING YOUR policies, practices, and

26 procedures, if any, CONCERNING YOUR employees' access to ANY GHILOTTI BROS.

27 yard, including but not limited to the yard located at 525 Jacoby Street in San Rafael,

28 California. This request includes, but is not limited to, ANY and ALL DOCUMENTS

[652338-3]

13

PLAINTIFF RAMIREZ'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT
GHILOTTI BROS., INC.

1  CONCERNING the person or persons responsible for unlocking or opening ANY gate,

2  fence, or door at ANY GHILOTTI BROS. yard, including but not limited to the yard

3  located at 525 Jacoby Street in San Rafael, California.

4  **REQUEST NO. 60:**

5       ANY and ALL DOCUMENTS identifying the AFFECTED EMPLOYEES YOU

6  authorized to drive ANY trucks owned, operated or used by GHILOTTI BROS., including

7  but not limited to drivers' identification cards, for ANY and ALL AFFECTED

8  EMPLOYEES YOU authorized to drive ANY trucks owned, operated, or used by

9  GHILOTTI BROS. during the CLASS PERIOD.

10  **REQUEST NO. 61:**

11       ANY and ALL DOCUMENTS (including logs and sign-out sheets) that show usage

12  of inventory AND equipment by AFFECTED EMPLOYEES during the CLASS PERIOD.

13

14  DATED: September 25, 2012          ROSEN BIEN GALVAN & GRUNFELD LLP
                                        and
15                                      STEWART & MUSELL, LLP

16

17                                      By: _____
                                            Jenny S. Yelin
18

19                                      Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

14

1  GAY CROSTHWAIT GRUNFELD – 121944
   KATHRYN G. MANTOAN – 239649
2  LAURA BOYSEN-ARAGON – 248083
   JENNY S. YELIN – 273601
3  ROSEN BIEN GALVAN & GRUNFELD LLP
   315 Montgomery Street, Tenth Floor
4  San Francisco, California 94104-1823
   Telephone:   (415) 433-6830
5  Facsimile:   (415) 433-7104
   Email:       ggrunfeld@rbgg.com
6               lboysen-aragon@rbgg.com
               jyelin@rbgg.com
7
   ELISA J. STEWART – 219557
8  WENDY E. MUSELL – 203507
   STEWART & MUSELL, LLP
9  351 California Street, Suite 700
   San Francisco, California 94104
10 Telephone:   (415) 593-0083
   Facsimile:   (415) 520-0920
11 Email:       estewart@stewartandmusell.com
               wmusell@stewartandmusell.com
12
   Attorneys for Plaintiffs
13

14             UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16

17 JOSE RAMIREZ, LUIS GOMEZ, and          Case No. C-12-4590-CRB
   MARCK MENA ORTEGA on behalf of
18 themselves and all persons similarly   PLAINTIFF ORTEGA'S REQUEST
   situated,                              FOR PRODUCTION OF
19                                         DOCUMENTS, SET ONE TO
               Plaintiffs,                 DEFENDANT GHILOTTI BROS., INC.
20
21       v.

22 GHILOTTI BROS., INC., a corporation;
   GHILOTTI BROTHERS
23 CONSTRUCTION, INC., a corporation;
   and DOES 1 to 50, inclusive,
24
               Defendants.
25

26 PROPOUNDING PARTY:    Plaintiff MARCK MENA ORTEGA

27 RESPONDING PARTY:     Defendant GHILOTTI BROS., INC.

28 SET NUMBER:           ONE (1)

1 || TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

2 ||      Plaintiff Marck Mena Ortega hereby demands, pursuant to Rule 34 of the Federal

3 || Rules of Civil Procedure, that Defendant Ghilotti Bros., Inc. respond under oath to the

4 || following document requests, and produce and permit inspection or copying of the original

5 || documents and materials described below at Rosen Bien Galvan & Grunfeld LLP, 30 days

6 || after service of this demand.

7 ||      A written response hereto is required of said Defendant within 30 days after service

8 || of this demand, consisting of either a statement that Defendant will comply with this

9 || demand or an objection to all or part of this demand.

10 ||      In responding to this Request for Production of Documents, you are requested to

11 || furnish all documents which are in your possession, custody or control, including

12 || information in the possession of your attorneys, or other persons directly or indirectly

13 || employed or retained by you, or connected with you or your attorneys, or anyone else

14 || acting on your behalf or otherwise subject to your control.

15 ||      Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E), all responsive documents

16 || are required to be produced either:  (a) as they are kept in the usual course of business

17 || (together with copies of any file labels or binder covers for the files or binders in which

18 || they are maintained); or (b) organized and labeled to correspond with the specific request

19 || to which they respond.

20 ||      In responding to this Request for Production of Documents, if any responsive

21 || document is maintained electronically, the document shall be produced on disc in native

22 || format and with metadata intact.  You are also requested to furnish print-outs of documents

23 || which may not currently exist in "hard copy" paper form but which exist in electronic form

24 || as electronic mail or as a document or file generated by word processing, data base or

25 || spreadsheet software, and which are stored electronically on a "floppy" disc, a compact

26 || disc, a zip drive, a personal computer hard drive, a network server, a back-up tape or disc,

27 || or any other electronic medium.

28 ||      If an electronically-generated document does not currently exist as a "hard copy"

1   and if it has been deleted from the hard drives of personal computers, you are requested to

2   retrieve it from any other electronic medium (e.g., a network server or a backup tape disc)

3   from which it is retrievable.

4       If you cannot respond to any document request in full, respond to the fullest extent

5   possible, explain why you cannot respond to the remainder, and describe the nature of the

6   documents which you cannot furnish.

7                          **DEFINITIONS**

8      1.     "GHILOTTI BROS." or "DEFENDANT" means Ghilotti Bros., Inc.

9      2.     The term "YOU" or "YOUR" means GHILOTTI BROS. or anyone acting on

10   its behalf.

11      3.     "GHILOTTI BROTHERS CONSTRUCTION" means Ghilotti Brothers

12   Construction, Inc.

13      4.     The term "PLAINTIFF" means Plaintiff Marck Mena Ortega.

14      5.     The term "CONCERNING" or "CONCERN" means referring to, alluding to,

15   relating to, connected with, commenting upon, in respect of, about, regarding, discussing,

16   reflecting, analyzing, evaluating, summarizing, touching upon, or constituting.

17      6.     The term "CLASS PERIOD" means the period from June 27, 2008 through

18   the present.

19      7.     The term "AFFECTED EMPLOYEE" or "AFFECTED EMPLOYEES"

20   refers to individuals employed by YOU in California now or during the CLASS PERIOD

21   who work or have worked at a construction site or at the yard located at 525 Jacoby Street

22   in San Rafael, California, or doing construction work as a laborer or in a similar capacity,

23   even if on "light duty."

24      8.     The term "DOCUMENT" means any writing, however produced or

25   reproduced, of every kind and regardless of where located, which is in YOUR possession,

26   custody, or control; or in the possession, custody or control of any servant or agent of

27   YOU or of YOUR attorneys. The terms include the following: electronically recorded

28   information such as electronic mail ("email"), html files, databases, data processing cards

1    or tapes, computerized data, computer diskettes, or information otherwise contained on a

2    computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any

3    information maintained on digital, electronic, magnetic or other media; and any other

4    summary, schedule, memorandum, note, statement, letter, telegram, interoffice

5    communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or

6    complete report of telephone or oral conversation, transcript or minutes, compilation,

7    tabulation, study, analysis, or other such writing or recording. The terms "DOCUMENT"

8    and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how

9    prepared, and all drafts prepared in connection with such DOCUMENTS, whether or not

10   used, as well as the file in which the DOCUMENTS are maintained. A draft or non-

11   identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT which

12   has any nonconforming notes, marginal annotations or other markings, and any

13   preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within

14   the meaning of these terms. The term "DOCUMENT" does not include any writing that

15   constitutes a communication between YOU and YOUR attorneys. The term DOCUMENT

16   includes any associated METADATA and any NATIVE FORMAT of the DOCUMENT.

17       9.      The term "METADATA" means the data found within DOCUMENTS. It

18   includes all electronically-stored information that describes or defines the DOCUMENT

19   that is not generally visible in the ordinary electronic display or printing of the document.

20   Common examples include comments, markups and revisions, author name, owner name,

21   names of those who have edited the document, creation dates, edit dates, and other

22   information, including but not limited to records of past versions and drafts.

23       10.     The term "NATIVE FORMAT" as it relates to the production of electronic

24   data means the file format in which the DOCUMENT is ordinarily read and written by its

25   related software application. For example, a Microsoft Word 2003 document has a

26   NATIVE FORMAT of .doc.

27       11.     "ANY" and "ALL," as used herein, shall include "each" and "every" and are

28   not to be construed to limit a request.

3

PLAINTIFF ORTEGA'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT
GHILOTTI BROS., INC.

**SCOPE OF DISCOVERY**

Unless otherwise stated in a specific discovery request, these requests for the production of DOCUMENTS shall be deemed to cover the time period from January 1, 2008 to the present.

1. All requests phrased in either the disjunctive ("or") or conjunctive ("and") or both, should be interpreted in the manner that makes YOUR response inclusive rather than exclusive.

2. To the extent that any DOCUMENT requested herein is maintained by YOU in electronic format, Plaintiffs request that such DOCUMENT be produced in its NATIVE FORMAT (including METADATA).

3. To the extent that any DOCUMENT requested has already been produced in response to a previous request, YOU need not produce the DOCUMENT a subsequent time and may refer to it by Bates stamp number or other unique identifier.

**OBJECTIONS AND DOCUMENTS WITHHELD**

4. If YOU object to part of a DOCUMENT request and refuse to answer that part, state YOUR objection and respond to the remaining portion of that DOCUMENT request. If YOU object to the scope or time period of a DOCUMENT request and refuse to respond for that scope or time period, state YOUR objection and respond to the DOCUMENT request for the scope or time period YOU believe is appropriate.

5. With respect to any requested DOCUMENT that YOU refuse to produce in response to these Requests for Production, please state:

        a. the full identity of the DOCUMENT including:

            i. date of the DOCUMENT;

            ii. its title (if any);

            iii. its authors, addressees, recipients or parties;

            iv. the nature of the DOCUMENT (e.g., letter, memorandum, etc.);

            v. the individual or source from whom or which YOU obtained it;

4

1           and

2           vi.     its present location and identity of its custodian;

3        b.     whether YOUR objection or refusal is directed to the entire

4             DOCUMENT or part thereof;

5        c.     if YOUR objection or refusal goes to part of the DOCUMENT,

6             specify the specific part(s) of the DOCUMENT to which YOUR

7             objection or refusal is directed; and

8        d.     the specific factual basis which gives rise to the objection or refusal

9             and the specific legal ground on which the objection or refusal is

10             based.

11      6.     If any of the following requested DOCUMENTS cannot be located or

12 produced after exercising due diligence to secure the information, please so state and

13 respond to the extent possible, specifying YOUR inability to respond fully, and stating

14 whatever information YOU have concerning the non-produced DOCUMENTS. If YOUR

15 response is qualified in any particular manner, please set forth the details of such

16 qualification.

17                  **DOCUMENTS TO BE PRODUCED**

18 **REQUEST NO. 1:**

19      The complete personnel file of PLAINTIFF ORTEGA.

20 **REQUEST NO. 2:**

21      ANY and ALL DOCUMENTS generated or maintained by PLAINTIFF

22 ORTEGA'S supervisors about PLAINTIFF ORTEGA.

23 **REQUEST NO. 3:**

24      ANY and ALL DOCUMENTS that CONCERN amounts paid by YOU, including

25 any wages and benefits, to PLAINTIFF ORTEGA.

26 **REQUEST NO. 4:**

27      ANY and ALL DOCUMENTS describing, evidencing, or showing all wages, as

28 that term is defined in California Labor Code Sec. 200, et seq. paid to PLAINTIFF

5

PLAINTIFF ORTEGA'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT
GHILOTTI BROS., INC.

1 | ORTEGA during the term of PLAINTIFF ORTEGA's employment.

2 | **REQUEST NO. 5:**

3 |     ANY and ALL DOCUMENTS CONCERNING the hours PLAINTIFF ORTEGA

4 | performed work for DEFENDANT before his shift start time and after his shift end time,

5 | as those shift start and end times were stated by DEFENDANT, from January 1, 2008 to

6 | the present.

7 | **REQUEST NO. 6:**

8 |     ANY and ALL DOCUMENTS CONCERNING the hours Plaintiff ORTEGA spent

9 | driving any vehicle of DEFENDANT from January 1, 2008 to the present.

10 | **REQUEST NO. 7:**

11 |     ANY and ALL DOCUMENTS CONCERNING PLAINTIFF ORTEGA's duties

12 | and responsibilities, if any, during his term of employment with DEFENDANT from

13 | January 1, 2008 to the present.

14 | **REQUEST NO. 8:**

15 |     ANY and ALL DOCUMENTS describing, evidencing, or showing job functions of

16 | all positions held by PLAINTIFF ORTEGA.

17 |

18 | DATED: September 25, 2012     ROSEN BIEN GALVAN & GRUNFELD LLP

19 |     and
    STEWART & MUSELL, LLP

20 |

21 |     By: _____

22 |     Jenny S. Yelin

23 |     Attorneys for Plaintiffs

24 |

25 |

26 |

27 |

28 |

1  GAY CROSTHWAIT GRUNFELD – 121944
   KATHRYN G. MANTOAN – 239649
2  LAURA BOYSEN-ARAGON – 248083
   JENNY S. YELIN – 273601
3  ROSEN BIEN GALVAN & GRUNFELD LLP
   315 Montgomery Street, Tenth Floor
4  San Francisco, California 94104-1823
   Telephone:  (415) 433-6830
5  Facsimile:  (415) 433-7104
   Email:      ggrunfeld@rbgg.com
6              lboysen-aragon@rbgg.com
               jyelin@rbgg.com
7
   ELISA J. STEWART – 219557
8  WENDY E. MUSELL – 203507
   STEWART & MUSELL, LLP
9  351 California Street, Suite 700
   San Francisco, California 94104
10 Telephone:  (415) 593-0083
   Facsimile:  (415) 520-0920
11 Email:      estewart@stewartandmusell.com
               wmusell@stewartandmusell.com
12
   Attorneys for Plaintiffs
13

14                     UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16

17  JOSE RAMIREZ, LUIS GOMEZ, and            Case No. C-12-4590-CRB
    MARCK MENA ORTEGA on behalf of
18  themselves and all persons similarly     **PLAINTIFF GOMEZ'S REQUEST**
    situated,                                **FOR PRODUCTION OF**
19                                           **DOCUMENTS, SET ONE TO**
             Plaintiffs,                     **DEFENDANT GHILOTTI BROS., INC.**
20
        v.
21
    GHILOTTI BROS., INC., a corporation;
22  GHILOTTI BROTHERS
    CONSTRUCTION, INC., a corporation;
23  and DOES 1 to 50, inclusive,

24           Defendants.

25

26  PROPOUNDING PARTY:      Plaintiff LUIS GOMEZ

27  RESPONDING PARTY:       Defendant GHILOTTI BROS., INC.

28  SET NUMBER:             ONE (1)

1   TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

2        Plaintiff Luis Gomez hereby demands, pursuant to Rule 34 of the Federal Rules of

3   Civil Procedure, that Defendant Ghilotti Bros., Inc. respond under oath to the following

4   document requests, and produce and permit inspection or copying of the original

5   documents and materials described below at Rosen Bien Galvan & Grunfeld LLP, 30 days

6   after service of this demand.

7        A written response hereto is required of said Defendant within 30 days after service

8   of this demand, consisting of either a statement that Defendant will comply with this

9   demand or an objection to all or part of this demand.

10        In responding to this Request for Production of Documents, you are requested to

11   furnish all documents which are in your possession, custody or control, including

12   information in the possession of your attorneys, or other persons directly or indirectly

13   employed or retained by you, or connected with you or your attorneys, or anyone else

14   acting on your behalf or otherwise subject to your control.

15        Pursuant to Federal Rule of Civil Procedure 34(b)(2)(E), all responsive documents

16   are required to be produced either: (a) as they are kept in the usual course of business

17   (together with copies of any file labels or binder covers for the files or binders in which

18   they are maintained); or (b) organized and labeled to correspond with the specific request

19   to which they respond.

20        In responding to this Request for Production of Documents, if any responsive

21   document is maintained electronically, the document shall be produced on disc in native

22   format and with metadata intact. You are also requested to furnish print-outs of documents

23   which may not currently exist in "hard copy" paper form but which exist in electronic form

24   as electronic mail or as a document or file generated by word processing, data base or

25   spreadsheet software, and which are stored electronically on a "floppy" disc, a compact

26   disc, a zip drive, a personal computer hard drive, a network server, a back-up tape or disc,

27   or any other electronic medium.

28        If an electronically-generated document does not currently exist as a "hard copy"

1 | and if it has been deleted from the hard drives of personal computers, you are requested to

2 | retrieve it from any other electronic medium (e.g., a network server or a backup tape disc)

3 | from which it is retrievable.

4 |     If you cannot respond to any document request in full, respond to the fullest extent

5 | possible, explain why you cannot respond to the remainder, and describe the nature of the

6 | documents which you cannot furnish.

7 | **DEFINITIONS**

8 |     1.    "GHILOTTI BROS." or "DEFENDANT" means Ghilotti Bros., Inc.

9 |     2.    The term "YOU" or "YOUR" means GHILOTTI BROS. or anyone acting on

10 | its behalf.

11 |     3.    "GHILOTTI BROTHERS CONSTRUCTION" means Ghilotti Brothers

12 | Construction, Inc.

13 |     4.    The term "PLAINTIFF" means Plaintiff Luis Gomez.

14 |     5.    The term "CONCERNING" or "CONCERN" means referring to, alluding to,

15 | relating to, connected with, commenting upon, in respect of, about, regarding, discussing,

16 | reflecting, analyzing, evaluating, summarizing, touching upon, or constituting.

17 |     6.    The term "CLASS PERIOD" means the period from June 27, 2008 through

18 | the present.

19 |     7.    The term "AFFECTED EMPLOYEE" or "AFFECTED EMPLOYEES"

20 | refers to individuals employed by YOU in California now or during the CLASS PERIOD

21 | who work or have worked at a construction site or at the yard located at 525 Jacoby Street

22 | in San Rafael, California, or doing construction work as a laborer or in a similar capacity,

23 | even if on "light duty."

24 |     8.    The term "DOCUMENT" means any writing, however produced or

25 | reproduced, of every kind and regardless of where located, which is in YOUR possession,

26 | custody, or control; or in the possession, custody or control of any servant or agent of

27 | YOU or of YOUR attorneys. The terms include the following: electronically recorded

28 | information such as electronic mail ("email"), html files, databases, data processing cards

2

1 | or tapes, computerized data, computer diskettes, or information otherwise contained on a

2 | computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any

3 | information maintained on digital, electronic, magnetic or other media; and any other

4 | summary, schedule, memorandum, note, statement, letter, telegram, interoffice

5 | communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or

6 | complete report of telephone or oral conversation, transcript or minutes, compilation,

7 | tabulation, study, analysis, or other such writing or recording. The terms "DOCUMENT"

8 | and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how

9 | prepared, and all drafts prepared in connection with such DOCUMENTS, whether or not

10 | used, as well as the file in which the DOCUMENTS are maintained. A draft or non-

11 | identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT which

12 | has any nonconforming notes, marginal annotations or other markings, and any

13 | preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within

14 | the meaning of these terms. The term "DOCUMENT" does not include any writing that

15 | constitutes a communication between YOU and YOUR attorneys. The term DOCUMENT

16 | includes any associated METADATA and any NATIVE FORMAT of the DOCUMENT.

17 |       9.     The term "METADATA" means the data found within DOCUMENTS. It

18 | includes all electronically-stored information that describes or defines the DOCUMENT

19 | that is not generally visible in the ordinary electronic display or printing of the document.

20 | Common examples include comments, markups and revisions, author name, owner name,

21 | names of those who have edited the document, creation dates, edit dates, and other

22 | information, including but not limited to records of past versions and drafts.

23 |      10.    The term "NATIVE FORMAT" as it relates to the production of electronic

24 | data means the file format in which the DOCUMENT is ordinarily read and written by its

25 | related software application. For example, a Microsoft Word 2003 document has a

26 | NATIVE FORMAT of .doc.

27 |      11.    "ANY" and "ALL," as used herein, shall include "each" and "every" and are

28 | not to be construed to limit a request.

PLAINTIFF GOMEZ'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT
GHILOTTI BROS., INC.

1                **SCOPE OF DISCOVERY**

2        Unless otherwise stated in a specific discovery request, these requests for the

3  production of DOCUMENTS shall be deemed to cover the time period from January 1,

4  2008 to the present.

5        1.     All requests phrased in either the disjunctive ("or") or conjunctive ("and") or

6  both, should be interpreted in the manner that makes YOUR response inclusive rather than

7  exclusive.

8        2.     To the extent that any DOCUMENT requested herein is maintained by YOU

9  in electronic format, Plaintiffs request that such DOCUMENT be produced in its NATIVE

10  FORMAT (including METADATA).

11        3.     To the extent that any DOCUMENT requested has already been produced in

12  response to a previous request, YOU need not produce the DOCUMENT a subsequent

13  time and may refer to it by Bates stamp number or other unique identifier.

14            **OBJECTIONS AND DOCUMENTS WITHHELD**

15        4.     If YOU object to part of a DOCUMENT request and refuse to answer that

16  part, state YOUR objection and respond to the remaining portion of that DOCUMENT

17  request. If YOU object to the scope or time period of a DOCUMENT request and refuse

18  to respond for that scope or time period, state YOUR objection and respond to the

19  DOCUMENT request for the scope or time period YOU believe is appropriate.

20        5.     With respect to any requested DOCUMENT that YOU refuse to produce in

21  response to these Requests for Production, please state:

22            a.     the full identity of the DOCUMENT including:

23                  i.     date of the DOCUMENT;

24                  ii.     its title (if any);

25                  iii.     its authors, addressees, recipients or parties;

26                  iv.     the nature of the DOCUMENT (e.g., letter, memorandum,

27                      etc.);

28                  v.     the individual or source from whom or which YOU obtained it;

4

PLAINTIFF GOMEZ'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT
GHILOTTI BROS., INC.

1          and

2               vi.     its present location and identity of its custodian;

3          b.     whether YOUR objection or refusal is directed to the entire

4                 DOCUMENT or part thereof;

5          c.     if YOUR objection or refusal goes to part of the DOCUMENT,

6                 specify the specific part(s) of the DOCUMENT to which YOUR

7                 objection or refusal is directed; and

8          d.     the specific factual basis which gives rise to the objection or refusal

9                 and the specific legal ground on which the objection or refusal is

10                 based.

11     6.     If any of the following requested DOCUMENTS cannot be located or

12 produced after exercising due diligence to secure the information, please so state and

13 respond to the extent possible, specifying YOUR inability to respond fully, and stating

14 whatever information YOU have concerning the non-produced DOCUMENTS. If YOUR

15 response is qualified in any particular manner, please set forth the details of such

16 qualification.

17                         **DOCUMENTS TO BE PRODUCED**

18 **REQUEST NO. 1:**

19          The complete personnel file of Plaintiff LUIS GOMEZ.

20 **REQUEST NO. 2:**

21          ANY and ALL DOCUMENTS generated or maintained by PLAINTIFF GOMEZ'S

22 supervisors about PLAINTIFF GOMEZ.

23 **REQUEST NO. 3:**

24          ANY and ALL DOCUMENTS that CONCERN amounts paid by YOU, including

25 any wages and benefits, to PLAINTIFF GOMEZ.

26 **REQUEST NO. 4:**

27          ANY and ALL DOCUMENTS describing, evidencing, or showing all wages, as

28 that term is defined in California Labor Code Sec. 200, et seq. paid to PLAINTIFF

1 | GOMEZ during the term of PLAINTIFF GOMEZ's employment.

2 | **REQUEST NO. 5:**

3 | ANY and ALL DOCUMENTS CONCERNING the hours PLAINTIFF GOMEZ

4 | performed work for DEFENDANT before his shift start time and after his shift end time,

5 | as those shift start and end times were stated by DEFENDANT, from January 1, 2008 to

6 | the present.

7 | **REQUEST NO. 6:**

8 | ANY and ALL DOCUMENTS CONCERNING the hours Plaintiff LUIS GOMEZ

9 | spent driving any vehicle of DEFENDANT from January 1, 2008 to the present.

10 | **REQUEST NO. 7:**

11 | ANY and ALL DOCUMENTS CONCERNING PLAINTIFF GOMEZ's duties and

12 | responsibilities, if any, during his term of employment with DEFENDANT from

13 | January 1, 2008 to the present.

14 | **REQUEST NO. 8:**

15 | ANY and ALL DOCUMENTS describing, evidencing, or showing job functions of

16 | all positions held by PLAINTIFF GOMEZ.

17 |

18 | DATED: September 25, 2012          ROSEN BIEN GALVAN & GRUNFELD LLP
                                       and
19 |                                    STEWART & MUSELL, LLP

20 |

21 |                                    By: _____

22 |                                         Jenny S. Yelin

23 |                                    Attorneys for Plaintiffs

24 |

25 |

26 |

27 |

28 |

PLAINTIFF GOMEZ'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANT
GHILOTTI BROS., INC.