UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| JOSE RAMIREZ, et al., | No. C 12-4590 CRB (MEJ) |
| Plaintiffs, | **DISCOVERY ORDER RE: DISPATCH REPORTS** |
| v. | |
| GHILOTTI BROS. INC., | **(Docket No. 77)** |
| Defendant. | |

**INTRODUCTION**

In this putative class action, Plaintiffs allege that Defendant Ghilotti Bros., Inc., a construction company, fails to pay its employees for all of the hours they are required to work and fails to provide required meal and rest periods. Jt. Ltr. at 1, Dkt. No. 77. Plaintiffs allege that they are often required to show up without pay at Ghilotti's yards at least an hour before the actual official start time of their shifts to pick up a truck, check its maintenance, fuel it, load it, and drive it to the work site. *Id.*

Plaintiffs served Requests for Production of Documents on September 25, 2012 and October 22, 2012, that included requests for Ghilotti's "Dispatch Reports" and other documents identifying the names of putative class members. *Id.* Ghilotti has produced some redacted Dispatch Reports, but a dispute remains about the timing and scope of the remaining production. *Id.* Plaintiffs argue that the Dispatch Reports are relevant because they identify putative class members and confirm Ghilotti's practice of assigning drivers to pick up trucks and take them to job sites before the start of their official paid shifts. *Id.* In response, Ghilotti argues that limits to the design of its Dispatch Report software make reports printed retroactively historically unreliable as to information material to the suit. *Id.* at 3. Ghilotti further argues that the Dispatch Reports contain names and private (i.e.

non-Ghilotti) telephone numbers of non-supervisory employees who are not part of the potential class, and that this information is private and irrelevant to this case. *Id.* at 4. Finally, Ghilotti argues that it has an obligation to protect its employees' privacy interests, and it must therefore undergo a time-consuming (15-20 minutes per report) and costly endeavor of redacting information from each Dispatch Report. *Id.* Due to high frequency of errors in redactions, Ghilotti contends that it must use expensive legal assistants in this undertaking at a rate of $110/hour. *Id.*

On April 25, 2013, the Honorable Charles R. Breyer, the presiding judge in this matter, granted Plaintiffs' Motion for Conditional Collective Certification and approved certification of a collective action of the "Loading and Transport Subclass" comprised of:

> All present and former non-exempt employees of Defendant who have worked at a construction site, yard, or loading area as a laborer at any time from four years prior to the filing of this action, until the resolution of this action, whose work included the loading and unloading of Defendant's trucks and the transport of necessary construction equipment to and from job sites prior to the start of their shifts and following the conclusion of their shifts.

Dkt. No. 54 at 17. Accordingly, the Court must determine whether discovery of the requested contact information will likely provide Plaintiff an opportunity to present evidence as to whether a class action is maintainable. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) (discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist).

The disclosure of names, addresses, and telephone numbers is a common practice in the class action context. *See Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011); *Currie–White v. Blockbuster, Inc.*, 2010 WL 1526314, at *2 (N.D. Cal. Apr. 15, 2010); *Babbitt v. Albertson's Inc.*, 1992 WL 605652, at *6 (N.D. Cal. Nov. 30, 1992). Given this standard, the Court finds that Plaintiffs are entitled to the contact information of putative class members. Plaintiffs seek this information in order to substantiate class allegations and to meet the certification requirements under Federal Rule of Civil Procedure 23. The Dispatch Reports, which include the names and contact information for potential class members and information about how often they were required to drive trucks and where and when they were scheduled to work each day, are relevant to establish typicality,

commonality, predominance, and numerosity. Fed. R. Civ. P. 23. The Court finds that this contact information and subsequent contact with potential class members is necessary to determine whether Plaintiffs' claims are typical of the class, and ultimately whether the action may be maintained as a class action.

Turning to Ghilotti's argument regarding the right to privacy, the Court agrees that Ghilotti's employees do have a right to privacy. When the constitutional right of privacy is involved, "the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." *Wiegele v. Fedex Ground Package Sys.*, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007) (citing *Lantz v. Superior Court*, 28 Cal. App. 4th 1839, 1853-54 (1994)). Compelled discovery within the realm of the right of privacy "cannot be justified solely on the ground that it may lead to relevant information." *Id.* (citing *Britt v. Superior Court*, 20 Cal.3d 844, 856 (1978)). "Even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a 'careful balancing' of the 'compelling public need' for discovery against the 'fundamental right of privacy.'" *Id.* (citing *Lantz*, 28 Cal. App. 4th at 1854).

Here, the putative class members may possess relevant discoverable information concerning issues dealing with Plaintiffs' claim that Ghilotti fails to pay its employees for all of the hours they are required to work and fails to provide required meal and rest periods, as well as other class certification issues. Further, the privacy interests at stake in names, addresses, and phone numbers must be distinguished from those more intimate privacy interests such as compelled disclosure of medical records and personal histories. *Id.* While the putative class members have a legally protected interest in the privacy of their contact information and a reasonable expectation of privacy, the information sought by Plaintiffs is not particularly sensitive. *See, e.g., Artis*, 276 F.R.D. at 353; *Khalilpour v. CELLCO Partnership*, 2010 WL 1267749, at *3 (N.D.Cal. Apr. 1, 2010) ("the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private

3

information, which have been found to be serious invasions of privacy"). As a result, Ghilotti's privacy objections must yield to Plaintiffs' request for the information.

Moreover, if one is not already in place, the parties can craft a protective order that limits the use of any contact information to the parties in this litigation and protects it from disclosure. The discovery is to be produced to Plaintiffs' counsel only and to be used only in this litigation. Under these circumstances, the potential privacy interests of putative class members are adequately balanced. *Artis*, 276 F.R.D. at 353. While Ghilotti argues that the Dispatch Reports contain names and telephone numbers of non-supervisory employees who are not part of the potential class, the protective order would also protect such information. Alternatively, Ghilotti could choose to redact the information for employees who are not part of the potential class.

Ghilotti also argues that redacting the information of employees who are not part of the potential class is time-consuming and costly because, despite attempting to use less expensive clerks, Ghilotti must use legal assistants in this undertaking at a rate of $110/hour due to high frequency of errors in redactions. Jt. Ltr. at 4. However, as stated above, Ghilotti can choose to produce the reports in an unredacted format, with any such information being protected under a protective order crafted by both parties.

Even if Ghilotti were to redact this information, the Court finds that it has failed to show that the Dispatch Reports are inaccessible or that the production would be overly burdensome, such that cost-shifting is required. "Normal and reasonable costs incurred in translating electronic data into a form usable by the discovering party are borne by the responding party in the absence of a showing of extraordinary hardship." Cal. Practice Guide: Fed. Civ. Proc. Before Tr. § 11:1859 (The Rutter Group 2013). Cost-shifting is considered only when the documents requested are inaccessible or otherwise pose an "undue burden or expense" that outweighs the likely benefit of the discovery. *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 318 (S.D.N.Y. 2003). Ghilotti's decision to utilize $110/hour clerks does not meet this burden. Furthermore, the "fact that a corporation has an unwieldy record keeping system which requires it to incur heavy expenditures of time and effort to produce requested documents is an insufficient reason to prevent disclosure of otherwise discoverable

information." *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 611 (D. Neb 2001); *Kozlowski v. Sears Roebuck & Co.*, 73 F.R.D. 73, 76 (D. Mass. 1976) (corporation "may not excuse itself from compliance with Rule 34, Fed. R. Civ. P., by utilizing a system of recordkeeping which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of the documents an excessively burdensome and costly expedition."); *Delozier v. First Nat'l Bank of Gatlinburg*, 109 F.R.D. 161, 164 (E.D. Tenn. 1986) (court will not shift burden onto discovering party where the costliness of the discovery procedure is product of defendant's recordkeeping system). Accordingly, Ghilotti's argument is without merit.

## CONCLUSION

Based on the foregoing, the Court ORDERS Ghilotti to produce the Dispatch Reports to Plaintiffs within 21 days. If a protective order is not already in place to cover such production, the parties are ORDERED to meet and confer and subsequently file a joint stipulation and proposed protective order regarding disclosure of the Dispatch Reports and contact information within 14 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: July 24, 2013

_____
Maria-Elena James
United States Magistrate Judge

5

Case3:12-cv-04590-CRB Document79 Filed07/24/13 Page6 of 6