IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ ET AL.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GHILOTTI BROS. INC. ET AL.,<br><br>　　　　Defendants. | No. C 12-04590 CRB<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL, ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE INCENTIVE AWARDS, AND ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |

　　　Upon consideration of the Plaintiffs' Motion for Final Approval of Class Action Settlement and Injunctive Relief and Motion for Attorneys' Fees and Costs and Class Representative Incentive Awards, the Memorandum in Support of Objections Filed by Improperly Removed Class Members to Final Settlement Agreement and Notice of Intent to Appear ("Objections"), Plaintiffs' Response to Objections to Final Settlement Filed by Excluded Supervisors, and Plaintiffs' Evidentiary Objections to Objections Filed by Excluded Supervisors ("Evidentiary Objections"); and upon the Court's review of the Stipulation to Class Action Settlement ("Settlement Agreement") attached as Exhibit A to the Declaration of Gay Crosthwait Grunfeld in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and Injunctive Relief and Motion for Attorneys' Fees and Costs and Class Representative Incentive Awards, filed herewith, and the exhibits thereto, IT IS HEREBY ORDERED AS FOLLOWS:

　　　1. "Although Rule 23 imposes strict procedural requirements on the approval of

a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure that it is 'fair, adequate, and free from collusion.'" <u>Lane v. Facebook, Inc.</u>, 696 F.3d 811, 819 (9th Cir. 2012), <u>cert. denied</u>, 134 S. Ct. 8 (2013) (quoting <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1027 (9th Cir. 1998)). When class counsel is experienced and supports the settlement, and the agreement was reached after arm's length negotiations, courts should give a presumption of fairness to the settlement. <u>See</u> <u>Nobles v. MBNA Corp.</u>, No. C 06-3725 CRB, 2009 WL 1854965, at * 2 (N.D. Cal. June 29, 2009); <u>Ellis v. Naval Air Rework Facility</u>, 87 F.R.D. 15, 18 (N.D. Cal. 1980) <u>aff'd</u>, 661 F.2d 939 (9th Cir. 1981). The Court finds that the settlement in this case is fair, adequate, and free from collusion, and that all of the relevant <u>Hanlon</u> factors weigh in favor of granting final approval in this case. <u>See</u> <u>Hanlon</u>, 150 F.3d 1011 at 1026. The Court thus grants final approval of the settlement. As set forth in the Settlement Agreement, the total amount that Ghilotti Bros., Inc. ("GBI") shall be required to pay under this settlement shall not exceed $950,000, plus interest as described therein.

      2. In approving this settlement, the Court has considered the Objections and declarations attached thereto filed by nine GBI Supervisors ("Excluded Supervisors"), as well as Plaintiffs Evidentiary Objections to the Excluded Supervisors' declarations. The Court overrules the Objectors' contentions that the settlement is not fair, reasonable, and adequate. Objections (dkt. 106) at 2.  The Objectors argue that they were improperly excluded from the class and that class counsel failed to represent them as true members of the class. <u>Id.</u> at 1. However, the Court, in its Order granting preliminary settlement approval, directed the parties to abide by the terms of the Stipulation Settlement Agreement.  Prelim Order at 5. The Stipulated Settlement included a dispute resolution procedure in which parties would submit to Judge Cahill (ret.) disputes, including disputes about whether a person was a properly included class member, for a <u>final, binding, and nonappealable</u> resolution.  Settlement Agreement (dkt. 110, Exh. A) at 23.  Judge Cahill determined that the Objectors <u>are not</u> class members.  Objections at 1.  Thus, this issue was already definitively

resolved in Plaintiffs' favor. The Court, therefore, overrules the Excluded Supervisors' Objections.

3. The Court finds that distribution of notice to the class has been completed in conformance with the Court's Order Granting Unopposed Motion for Preliminary Approval of Class Action Settlement and Injunctive Relief, Dkt. No. 97 ("Preliminary Approval Order"). The notice to the class was adequate, satisfied due process requirements, and was the best notice practicable under the circumstances.

4. Incentive award payments are justified where the class representatives expend extraordinary effort, bear personal hardship, and risk their current and future livelihood to remedy unfair practices for the benefit of the class. See Van Vranken v. Atlantic Richfield Co., 901 F. Supp. 294, 299 (N.D. Cal. 1995). The Court finds that the incentive awards are justified here in light of the efforts of Jose Ramirez, Luis Gomez and Marck Mena Ortega (the "Class Representatives") to advance the litigation and the interests of the class.

5. "[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980). Courts are directed to "take into account all of the circumstances of the case" when determining what fees to approve (Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002)), with "[r]easonableness [being] the goal." Fischel v. Equitable Life Assurance Soc'y of the U.S., 307 F.3d 997, 1007 (9th Cir. 2002). The Court find that the factors courts consider in assessing reasonableness—primary among them, the value of the monetary and nonmonetary benefits secured for the class—support the requested fee award of $285,000, equal to 30% of the settlement amount of $950,000. See In re Nuvelo, Inc. Sec. Litig., No. C 07-04056 CRB, 2011 WL 2650592, at *1 (N.D. Cal. July 6, 2011). The Court further finds that the costs advanced by Class Counsel were reasonably incurred in pursuit of the litigation.

6. The Class Representatives and Class Counsel have fairly and adequately

3

represented and protected the interests of the Class in the Action. In light of their efforts, the Court hereby awards class representative incentive awards, attorney's fees, and costs, as follows:

    a. $15,000 each to Jose Ramirez, Luis Gomez, and Marck Mena Ortega (the "Class Representatives");

    b. $285,000 jointly to Rosen Bien Galvan & Grunfeld LLP and Stewart & Musell LLP ("Class Counsel") for reasonable attorneys' fees; and

    c. $60,000 jointly to Class Counsel for litigation costs.

These amounts are to be paid according to the schedule set forth infra.

7. The twenty-six individuals who filed valid and timely Requests for Exclusion are hereby excluded from the Settlement Class certified by the Court's Preliminary Approval Order.

8. The Court finds that the parties' settlement was entered into in good faith pursuant to non-collusive, arms-length negotiations, and that the Settlement Agreement is fair, reasonable, and adequate.

9. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement Agreement.

10. The Court hereby directs the parties to effectuate the terms of the settlement as set forth in the Settlement Agreement.

11. Within 5 calendar days of the date of this Order, GBI is directed to pay $118,500.00, directly as follows, and to issue 1099s for each of the following recipients upon receipt of a W9:

    a. $15,000 to each of the Class Representatives;

    b. $10,000 to Simpluris, the Settlement Administrator;

    c. $60,000 to Class Counsel for out-of-pocket expenses; and

    d. $3,500 to the California Labor and Workforce Development Agency as a PAGA penalty.

12. Within 30 calendar days of the date of this Order, GBI is directed to pay

4

1 $140,000.00 to Simpluris for distribution to the Class, and one-third of the amount
2 awarded in attorneys' fees ($95,000) to Class Counsel ("Initial Disbursement").

3       13. The Court orders Simpluris to distribute the $140,000.00 initial class
4 payment to the 245 members of the class pursuant to the formula set forth in Section 3 of
5 the Settlement Agreement within 10 calendar days of receipt from GBI.

6       14. The settlement funds allocated for the class, which remain after the Initial
7 Disbursement ("Remaining Settlement Funds") will accrue simple interest at 5% per
8 annum beginning on January 15, 2014.

9       15. GBI is directed to pay the following amounts, for distribution as follows:
10           a. to Simpluris to distribute to the Class, with the Class receiving the
11 interest that accrues: (1) One-half of the balance of the Remaining Settlement Funds, to be
12 paid on or before July 1, 2015; and (2) the remaining amount of the Remaining Settlement
13 Funds to be paid in a final payment on or before December 15, 2016;
14           b. to Simpluris for additional settlement administration costs in amounts
15 not to exceed $5,723.50 on July 1, 2015 and of $5,723.50 on December 15, 2016; and
16           c. to Class Counsel for attorney's fees: $95,000 on July 1, 2015 and
17 $95,000 on December 15, 2016.

18       16. The Court finally orders GBI to comply with the injunctive relief
19 requirements of paragraph 13 of the Settlement Agreement and the Preliminary Approval
20 Order, by: (1) Setting up and utilizing "a procedure pursuant to which each laborer can
21 make a record of the time he or she starts and ends work (e.g., picking up a truck or
22 arriving on site, etc.)," which employs "any method whereby the laborers, and not the
23 managers or supervisors, record their own start and ending times, . . . subject to
24 verification for accuracy by GBI; and (2) complying with IWC Order 16-2001 for all
25 purposes and in all respects, except to the extent GBI's obligations may be modified by the
26 parties' Master Labor Agreement pursuant to the California Labor Code. Any injunction
27 shall be considered fully discharged on the date of the last payment by GBI under the
28 Settlement Agreement.

17. The Court will retain exclusive and continuing jurisdiction over the present action and the settling parties, including all class members, for purposes of enforcing and interpreting the Settlement Agreement, the Final Approval Order, and the claims and payment process and the injunctive relief established therein, until the date of the last payment by GBI.

18. The Court GRANTS Plaintiffs' administrative motions to file under seal.

**IT IS SO ORDERED**.

Dated: April 21, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE